**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Albert Samuel WRIGHT,**
**Defendant-Appellant.**

No. 72-1294.

United States Court of Appeals,
Sixth Circuit.

Dec. 28, 1972.

B. H. Berg, Cincinnati, Ohio, for defendant-appellant; William J. Dammarell, Cincinnati, Ohio, on briefs.

Eugene E. Siler, Jr., U. S. Atty., for plaintiff-appellee; Robert M. Murphy, Asst. U. S. Atty., Lexington, Ky., on brief.

Before WEICK, EDWARDS and KENT, Circuit Judges.

KENT, Circuit Judge.

The appellant was tried with eight other individuals in the United States District Court for the Eastern District of Kentucky. The appellant and the other defendants were charged with conducting an illegal gambling business in violation of 18 U.S.C. § 1955. The appellant raises two issues, first, the legality of the search of the premises where the gambling operation was undeniably located, and, second, whether the District Court erred in denying appellant's motion for disclosure of the undercover agent before trial.

The search warrant issued authorized the search of

"the premises known as The New Plaza Lounge, 725 Monmouth Street, Newport, Kentucky, being a three-story red brick building on the East side of Monmouth Street, with a blue canopy over the front door of the lounge which faces West onto Monmouth Street, in the Eastern District of Kentucky * * *."

The evidence relating to the conduct of the illegal gambling activity seized pursuant to the search warrant was, in fact, found in a one-story cement block building which was attached to the three-story brick building described in the warrant. Two witnesses for the Government testified that in September, 1970, there was a door connecting barroom-restaurant business located in the three-story brick building to what was generally described as the back room. The doorway was closed with plywood before October 21, 1970. The period covered by the indictment is from October 21, 1970 to and including November 27, 1970.

The appellant urges that the search warrant authorizing a search of "the premises known as The New Plaza Lounge, 725 Monmouth Street, Newport, Kentucky, being a three-story red brick building * * *" does not authorize the search of a one-story cement block building attached to the three-story brick building. We recognize that, as stated in Keiningham v. United States, 109 U.S.App.D.C. 272, 287 F.2d 126, 129 (1960), "It is well settled that search warrants must be strictly construed." However, the burden of establishing that the search was improper and that the evidence secured thereby should be suppressed is clearly on the moving party. As stated by this Court in United States v. Thompson, 409 F.2d 113, 116, 117 (1969):

"Finally, appellant asserts that his case was prejudiced by the fact that on the hearing of his motion to suppress, the District Judge required him to go forward with his proofs. He relies in this contention upon the fact that he filed an affidavit with his motion. The movant, however, has the obligation to present evidence in court (as opposed to by affidavit) designed to convince the court that his motion should be granted. United States v. Okawa, 26 F.R.D. 384 (D.Hawaii 1961); United States v. Warrington,

17 F.R.D. 25 (N.D.Cal.1961). *See also* Nardone v. United States, 308 U. S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939); Fullbright v. United States, 392 F.2d 432 (10th Cir.), cert. denied, 393 U.S. 830, 89 S.Ct. 97, 21 L.Ed.2d 101 (1968); United States v. Masterson, 383 F.2d 610 (2d Cir. 1967), cert. denied, 390 U.S. 954, 88 S.Ct. 1048, 19 L.Ed.2d 1147 (1968); Comment, Procedural Problems of a Motion to Suppress Evidence in a Federal Criminal Case, 1 U.S.F.L.Rev. 188 (1966). Once he has presented a prima facie case of illegal search, the government must assume a burden of proof that any search made was lawful. United States v. Burhannon, 388 F.2d 961 (7th Cir. 1968). We believe this burden was carried."

To the same effect is the decision of the Fifth Circuit in Rogers v. United States, 330 F.2d 535, 542 (1964), cert. denied, 379 U.S. 916, 85 S.Ct. 265, 13 L.Ed.2d 186:

"As is true in so many other situations, the burdens of persuasion and of producing evidence in motions for the suppression of evidence have been badly confused. The burden of persuasion is properly and permanently placed upon the shoulders of the moving party. When a criminal defendant claims the right to protection under an exclusionary rule of evidence, it is his task to prove his case."

■ In the instant case we have examined almost 1,000 pages of transcript and conclude that, from the probative evidence offered, the trial court was eminently justified in reaching the conclusion that the appellant had not sustained the burden of establishing that the back room of The New Plaza Lounge was in fact not a part of the premises described in the search warrant in question. We are of the opinion that this case is similar to United States v. Evans, 320 F.2d 482 (6th Cir. 1963), where this Court concluded that officers having a search warrant for 1000 Baldwin Street, Detroit, including the basement and attic, were justified in searching the attic above that portion of the premises described as 1004 Baldwin Street, where there had been a door cut through the partition between the attic above 1000 Baldwin Street and the attic above 1004 Baldwin Street. There the District Judge found that the entire attic was part of the premises described as 1000 Baldwin Street. Here the appellant failed to carry the burden of establishing to the District Judge that the one-story cement block structure attached to the three-story brick building was not a part of "the premises known as The New Plaza Lounge."

In addition, we point out that the warrant in this case authorized a search of "the premises known as The New Plaza Lounge." In Fine v. United States, 207 F.2d 324 (6th Cir. 1954), this Court concluded that a search warrant authorizing the search of "the premises known as the Harve Fine residence and being a one story white frame dwelling with green shingle roof. Said house of about four rooms and located * * *" was sufficient to authorize the search of a locked shed, 20 feet behind the house, in which illegal whiskey was found.

■ An examination of the transcript demonstrates that all of the witnesses and counsel in describing the area where the gambling took place, described it as "The New Plaza Lounge," "the back room of The New Plaza Lounge" or "the rear room at The New Plaza Lounge." Throughout the entire trial it was obvious that the witnesses and frequenters clearly considered the area where the gambling was conducted as part of "the premises known as The New Plaza Lounge." On this record we cannot say that there was error on the part of the District Judge in denying the motion to suppress the evidence secured under the search warrant.

The rule applicable to the disclosure of an undercover agent was stated in Roviaro v. United States, 353 U.S. 53,

62, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 (1957), as follows:

> "We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."

and this Court in United States v. Barnett, 418 F.2d 309 (6th Cir. 1969), elaborated on that test in stating at page 311:

> "The generally recognized privilege of the Government not to disclose its informer's identity to encourage citizens to communicate their knowledge of the commission of crimes to law-enforcement officials is limited in scope. When on the facts of the individual case the 'fundamental requirements of fairness' indicate that the informer's identity would be 'relevant and helpful to the defense of the accused, or essential to a fair determination of a cause, the privilege must give way.' Roviaro v. United States, 353 U.S. at 60–61, 77 S.Ct. at 628: * * * *."

■■ Thus, it appears that the issue is one of fundamental fairness. The undercover agent, whose identity was sought in this case, was a Special Agent of the Federal Bureau of Investigation and not some former criminal who had decided to assist in the investigation of crime for reasons best known to himself. We cannot say that the denial of the information in regard to the undercover agent violated "the fundamental requirements of fairness." There is no showing of prejudice to the defendant because of the failure to identify which of the Special Agents acted as the undercover agent. We find no prejudice in this failure. United States v. Hanna, 341 F.2d 906 (6th Cir. 1965).

The judgment of the trial court is affirmed.