UNITED STATES of America,
Plaintiff-Appellee,

v.

Tommie MURRIE, Jr.,
Defendant-Appellant.

No. 75–1534.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 3, 1975.

Decided April 27, 1976.

William Richards, John W. Tapp, Kenneth R. Sasse, Detroit, Mich., for defendant-appellant.

Ralph B. Guy, Jr., Detroit, Mich., James A. Rothschild, and T. George Gilinsky, Washington, D. C., for plaintiff-appellee.

Before EDWARDS, PECK and ENGEL, Circuit Judges.

EDWARDS, Circuit Judge.

Murrie appeals from conviction for possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. App. § 1202(a)(1) (1970). The trial was by jury in the United States District Court for the Eastern District of Michigan, Southern Division, and appellant was sentenced to one year imprisonment.

On March 14, 1973, federal agents who had an arrest warrant for possession of heroin for one Tommie Murrie went to 5080 French Street in Detroit, Michigan, to arrest him. The house concerned had a single entrance, but proved to contain two separate flats, one on the ground floor and one on the upper floor. The officers involved testified that they knocked on the locked door, shouted "police officers with arrest warrants, open up," and received no response. They then kicked in the door. Some officers went into the ground floor flat and others went up the stairs to the upper flat. In the ground floor flat, the door of which was open, the officers found two men, Tommie Murrie, Jr., and his brother Dennis. When the younger Murrie identified himself as Tommie Murrie, he was arrested and handcuffed, and while standing up was given *Miranda* warnings. One of the agents searched the couch where he had been sitting and on which they intended to have him sit back down and found a loaded automatic pistol. Murrie admitted that the pistol was his and that he had a prior felony conviction, and this confession was admitted at trial.

The agents who had gone upstairs found Tommie Murrie, Sr., in the upstairs apartment, and on checking with their office, discovered that he was the man for whom the arrest warrant had been issued in the first place.

■ We find from this record ample reason to believe, as the District Judge did on motion to suppress evidence, that there was probable cause for the arrest of Tommie Murrie, Jr., since he identified himself by the name for which the arrest warrant had been issued, and the officer had no knowl-

edge at the time that there were two Tommie Murries involved. Further, the District Judge properly denied the motion to suppress the confession, since there is evidence that *Miranda* warnings were given not once, but twice prior to questioning.

■ We find no constitutional violation in the search of the couch for possible weapons which might have placed the lives of the officers in jeopardy, either from appellant or his brother. The arrest was for possession of heroin, and the search was in the immediate vicinity of the two brothers, only one of whom had been handcuffed. Both *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), and *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), recognize the constitutional reasonableness of a limited search for weapons which might threaten the lives of police officers engaged in the proper performance of their duties.

We find no merit to appellant's argument that particular United States Attorneys, members of the Detroit Strike Force, who prosecuted this case were unauthorized to do so. *United States v. Wrigley,* 520 F.2d 362 (8th Cir. 1975); *In re Persico,* 522 F.2d 41 (2d Cir. 1975).

■ The most difficult issue on this appeal concerns whether or not the District Judge properly defined the burden of proof in his hearing on the motion to suppress evidence based upon appellant's contention that the officers' forcible entry into the house had violated the standards set forth in 18 U.S.C. § 3109 (1970). There is now no doubt that this statute's requirements (although applicable in terms only to search warrants) apply to forcible entry to a home when officers seek to make an arrest of a person either on arrest warrant or on probable cause. *Sabbath v. United States,* 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828 (1968); *Miller v. United States,* 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958); *United States v. Chambers,* 382 F.2d 910 (6th Cir. 1969).

There was, however, a square conflict of evidence at the suppression hearing as to

the § 3109 standard. Appellant testified that there was no warning before the officers broke through the door, while the officers, as indicated above, testified that they had identified themselves and their purpose and had waited for a time—ultimately estimated by one officer as "two minutes"—before breaking the door. The District Judge expressed skepticism about this last testimony and then denied the motion, saying:

> The Court was persuaded by the testimony that an officer did demand entry in a loud voice, and did announce that the purpose of their presence was to execute an arrest warrant. The Court is, however, unable to make a factual determination with respect to whether refusal of admittance may be inferred in this case from the passage of time between knocking and entry because neither side has presented satisfactory proof as to the length of the time lag. The Court is convinced that the two-minute estimate by one officer was greatly exaggerated; but the Court is also convinced that some time lag did occur.

> Since the evidence presented is inconclusive on the questions of fact relating to the forced entry, the motion must be granted or denied on the basis of the applicable burden of proof. Where the issue is the validity of a search without a search warrant, the burden is on the government to show that exigent circumstances excused the requirement of a search warrant. *United States v. Thompson,* 409 F.2d 113 (CA6 1969). Here, however, it is not the validity of the search per se which is in issue; rather, it is the validity of the physical entry into the premises, which is governed by the same rules whether or not there is a warrant. *Wong Sun v. United States,* [371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441] supra. Due to the presumption of propriety of police conduct, the burden of establishing the illegality of the entry is on the defendant. *United States v. Wright,* 468 F.2d 1184 (CA6 1972).

■ This court has previously held that on a motion to suppress evidence the burden of establishing a prima facie case is

upon the movant, but that when such a case has been made, the burden of proof shifts to the government. *United States v. Thompson,* 409 F.2d 113 (6th Cir. 1969). We believe that § 3109's conditions for forcible entry—1) announcement of authority, 2) announcement of purpose, and 3) grounds for believing entry has been refused—are statutory conditions which explicate fundamental purposes of the Fourth Amendment. Even if police officers possess a wholly lawful warrant for arrest or search, we believe the sudden, unannounced breaking open of a dwelling, particularly in the nighttime, may not only violate the statutory terms of § 3109 but also the "unreasonable" search standard of the Fourth Amendment.[1] *Ker v. California,* 374 U.S. 23, 47, 83 S.Ct. 1623, 1636, 10 L.Ed.2d 726, 746 (1963) (Brennan, J., dissenting); *United States v. Manning,* 448 F.2d 992, 1001–02 (2d Cir.), *cert. denied,* 404 U.S. 995, 92 S.Ct. 541, 30 L.Ed.2d 548 (1971); *United States v. Mapp,* 476 F.2d 67, 74–75 (2d Cir. 1973). *See also Sabbath v. United States,* 391 U.S. 585, 591, 88 S.Ct. 1755, 1759, 20 L.Ed.2d 828, 834 (1968).

■ Clearly where police officers in breaking into a home in the nighttime have violated a constitutional standard, the burden of proof of exigent or exceptional circumstances to justify such a deviation from the Fourth Amendment is upon those who are seeking the advantage of the exception. In *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), the opinion of the Court noted that:

> The exceptions are "jealously and carefully drawn," [6] and there must be "a
>
> [6] *Jones v. United States,* 357 U.S. 493, 499, 78 S.Ct. 1253, 2 L.Ed.2d 1514.
>
> showing by those who seek exemption . . . that the exigencies of the situation made that course imperative." [7]
>
> [7] *McDonald v. United States,* 335 U.S. 451, 456, 69 S.Ct. 191, 93 L.Ed. 153.
>
> "[T]he burden is on those seeking the exemption to show the need for it." [8]
>
> [8] *United States v. Jeffers,* 342 U.S. 48, 51, 72 S.Ct. 93, 96 L.Ed. 59.

*Coolidge v. New Hampshire, supra,* at 455, 91 S.Ct. at 2032, 29 L.Ed.2d at 576.

In one of the cases relied on in the *Coolidge* quotation above, the Supreme Court said:

> The Fourth Amendment prohibits both unreasonable searches and unreasonable seizures, and its protection extends to both "houses" and "effects." Over and again this Court has emphasized that the mandate of the Amendment requires adherence to judicial processes. See *Weeks v. United States,* 232 U.S. 383 [34 S.Ct. 341, 58 L.Ed. 652] (1914); *Agnello v. United States,* 269 U.S. 20 [46 S.Ct. 4, 70 L.Ed. 145] (1925). Only where incident to a valid arrest, *United States v. Rabinowitz,* 339 U.S. 56 [70 S.Ct. 430, 94 L.Ed. 653] (1950), or in "exceptional circumstances," *Johnson v. United States,* 333 U.S. 10 [68 S.Ct. 367, 92 L.Ed. 436] (1948), may an exemption lie, and then the burden is on those seeking the exemption to show the need for it, *McDonald v. United States,* 335 U.S. 451, 456 [69 S.Ct. 191, 93 L.Ed. 153] (1948). In so doing the Amendment does not place an unduly oppressive weight on law enforcement officers but merely interposes an orderly procedure under the aegis of judicial impartiality that is necessary to attain the beneficent purposes intended. *Johnson v. United States, supra.*

*United States v. Jeffers,* 342 U.S. 48, 51, 72 S.Ct. 93, 95, 96 L.Ed. 59, 64 (1951) (footnote omitted.)

■ Our concern in relation to these quotations, of course, is with the burden of proof issue. Since we believe that appellant had made a prima facie case by testifying to a sudden and unannounced breaking without compliance with § 3109 in its explication of the Fourth Amendment, we must hold that the District Judge was in error in failing to place the burden of proof upon the government in weighing the conflict of evidence.

We recognize that, as noted above, the District Judge in this case relied upon the

1. We recognize that "exigent circumstances" not found here may excuse an unannounced

breaking. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

opinion of this court in *United States v. Wright*, 468 F.2d 1184 (6th Cir. 1972), *cert. denied*, 412 U.S. 938, 93 S.Ct. 2771, 37 L.Ed. 397 (1973). To the degree that an ambiguity may be found in the fact that the *Wright* opinion not only quoted from *United States v. Thompson* (referred to above), but also quoted from a Fifth Circuit case, *Rogers v. United States*, 330 F.2d 535 (5th Cir.), *cert. denied*, 379 U.S. 916, 85 S.Ct. 265, 13 L.Ed.2d 186 (1964), we now resolve that ambiguity in favor of the *Thompson* case standard set out and followed in this opinion.

This case is remanded to the District Court for further consideration of the motion to suppress. The District Judge in redetermining this issue may take additional testimony if he sees fit to do so, or he may redetermine the issue based upon the record already written, with the burden of proof allocated as outlined in this opinion. Jurisdiction of this appeal is retained for ultimate disposition after receipt of the report of the District Court proceeding called for above.