**STATE of Alaska, Petitioner,**

v.

**Robert JOHNSON, Michael Davey, and Kelly Davey, Respondents.**

No. A–861.

Court of Appeals of Alaska.

April 11, 1986.

W.H. Hawley, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for petitioner.

Michael A. Stepovich, Fairbanks, for respondent Robert Johnson.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

We granted this petition for review in order to determine whether a person who is not present when a search warrant is executed has standing to complain of the state's failure to comply with the "knock and announce" requirements of Alaska law. We further determine the appropriate burdens of proof regarding compliance with the knock and announce statutes. Prior to entering the premises to be searched, the police must announce their authority and purpose for the entry, and if they are refused admittance they may then break into the premises to execute the warrant. AS 12.25.100; AS 12.35.040. We conclude that only those who are present at the time of the entry may complain of a violation of these statutes.[1] The defendant must make a *prima facie* showing that the statutes were not complied with; the state then bears the burden of persuasion to show that the requirements were met, or that exigent circumstances existed.

---

1. In this opinion, we address only Robert Johnson's and Michael Davey's direct standing to assert violation of the knock and announce rules. In *Waring v. State,* 670 P.2d 357 (Alaska 1983), the supreme court addressed an analogous question, *i.e.,* vicarious standing to assert violation of fourth amendment rights. In *Waring,* the court held that only those whose rights were directly infringed could assert a fourth amendment violation. The court went on to establish an exception to this standing rule, where (1) a police officer obtained the evidence as a result of gross or shocking misconduct, or (2) the officer deliberately violated a codefendant's rights. *Waring,* 670 P.2d at 363. Vicarious standing was not argued below or briefed. Consequently, it is not necessary for us to determine whether vicarious standing rules similar to those adopted in *Waring* should apply to violation of the knock and announce rules.

## FACTS

Based on probable cause to believe that Robert Johnson had secreted the fruits of a number of thefts at 135 Ridgetop Loop near Fairbanks, Alaska, the state obtained a warrant to search those premises. The warrant was executed at approximately 6:00 p.m. on November 21, 1984, by Troopers Hamilton and MacDonald and five other Alaska State Troopers. For purposes of this opinion, we assume that Robert Johnson, Michael Davey and Kelly Davey were co-tenants of the premises. At the time the warrant was served, however, only Kelly Davey and her three children were at home.

Kelly Davey testified that she was in the living room, sitting on the floor playing with her children. She saw headlights outside and assumed it was her husband. When he did not come inside right away, she rose to her knees and looked outside through the picture window. Before she could tell who was outside, the front door was opened and state troopers came inside. Kelly Davey testified that she did not hear any knock or doorbell, nor any announcement of the authority or purpose of the troopers at her home. The front door was closed, but not locked. At least six troopers came in, brandishing high-powered rifles, and wearing bullet-proof vests. The troopers yelled at Kelly Davey and the children to get on the couch immediately. Only after the troopers had looked through the whole house was she told by Trooper Hamilton that the troopers were there to execute a search warrant and was given a copy of the warrant.

Troopers Hamilton and MacDonald gave a somewhat different version of the events. Trooper Hamilton said he saw a woman, whom he was later able to identify as Kelly Davey, through the front picture window of the house as he approached it. He stated that he stood in front of the picture window for approximately forty-five seconds, looking in at the woman who was looking back at him. Although Trooper Hamilton was aware that guns were among the items to be searched for, his level of concern about a violent confrontation was lowered when he saw Kelly Davey in the window. Hamilton testified that he knocked loudly two or three times on the door, waited "not very long," about five seconds, and knocked again. Hamilton believed that Kelly Davey opened the front door, although he could not say positively that he did not open it. Hamilton testified that he did say "troopers," and he did say he had a warrant before entering. Trooper MacDonald testified that he observed a lady looking outside the window, and that Trooper Hamilton either knocked on the door or rang the door bell, he did not remember which. Then the lady, who had been looking out the window, came to the door and opened it. After she opened the door, Trooper Hamilton said, "I have a search warrant."

## BURDEN OF PROOF

The trial court concluded, and the parties appear to agree, that a determination of whether the state complied with the knock and announce statute depends upon a determination of who bears the burden of proof. Alaska Statute 12.25.100 provides in relevant part:

*Breaking into building or vessel to effect arrest.* A peace officer may break into a building or vessel in which the person to be arrested is or is believed to be, if the officer is refused admittance after the officer has announced the authority and purpose of the entry.

Alaska Statute 12.35.040 provides in relevant part:

*Authority of officer executing warrant.* In the execution or service of a search warrant, the officer has the same power and authority in all respects to break open any door or window, to use the necessary and proper means to overcome forcible resistance made to the officer, or to call any other person to the officer's aid as the officer has in the execution or service of a warrant of arrest.

Opening a closed but unlocked door constitutes a "breaking" for the purposes of knock and announce requirements. *Sab-*

*bath v. United States,* 391 U.S. 585, 588–90 & n. 5, 88 S.Ct. 1755, 1758 & n. 5, 20 L.Ed.2d 828, 833–34 & n. 5 (1968).

The state bears the burden to establish that exigent circumstances justify departure from the knock and announce rules. *Lockwood v. State,* 591 P.2d 969, 972 (Alaska 1979) citing *United States v. Murrie,* 534 F.2d 695, 698 (6th Cir.1976); *People v. Lujan,* 174 Colo. 554, 484 P.2d 1238, 1241 (1971). In contrast, the defendant bears the burden of proving the insufficiency of a warrant, *Johnson v. State,* 617 P.2d 1117, 1125 (Alaska 1980); *Rosa v. State,* 633 P.2d 1027, 1030 (Alaska App.1981), and the burden of showing that the police improperly executed a search warrant. *See United States v. Marx,* 635 F.2d 436, 441 (5th Cir.1981).

■ In *Murrie,* the federal court of appeals held that the defendant has the burden of establishing a *prima facie* case that the knock and announce rules were not complied with, at which point the burden of proof shifts to the government to persuade the trial court that there was compliance, or that exigent circumstances excused compliance. 534 F.2d at 697–98. This was the rule applied by the trial court in this case, and we adopt it as the appropriate rule. We believe this division of responsibility between the burden of going forward with the evidence and the ultimate burden of persuasion is supported by sound reasons. By requiring the defendant to make a *prima facie* case, we avoid unnecessary hearings in cases where no *bona fide* dispute exists. On the other hand, where a *bona fide* dispute does exist, placing the ultimate burden of persuasion on the state leaves it with the party who has the superior means of access to the proof. Generally, the officers are in the best position to testify regarding what steps they took, and the reasons for taking those steps. Finally, placing the ultimate burden of persuasion on the state ensures that if errors are made in evaluating testimony and determining what occurred, the court will err on the side of protecting, rather than inhibiting, reasonable expectations of privacy. *See general-*

*ly* C. McCormick, *Law of Evidence* §§ 306–309, at 635–49 (1954).

■ The trial court found that the evidence was in conflict, and that all witnesses were credible. Since the evidence was inconclusive on the questions of fact relating to the entry, burden of proof determined the outcome. Under the circumstances, Judge Greene did not abuse her discretion in concluding that the officers failed to comply with the knock and announce rules. Consequently, she properly suppressed any evidence against Kelly Davey that was a fruit of the ensuing search.

■ A more difficult question is presented by Judge Greene's order suppressing evidence against Robert Johnson and Michael Davey, Kelly's husband. Neither was present at the time the search warrant was executed. In *Davis v. State,* 525 P.2d 541, 544–45 (Alaska 1974), the supreme court explained the purposes of knock and announce requirements as follows:

> (1) to protect the occupant's right to privacy ...; (2) to safeguard the police who might be mistaken for prowlers and be shot ...; and (3) to protect other persons who might be injured by violent resistance to unannounced entries....

Since Johnson and Michael Davey were not present, they were not vulnerable to injury as a result of any violent resistance Kelly Davey might have interposed to the officers' entry. Johnson and Michael Davey had the same interest as any other citizen in preventing injury to the police officers. Thus, if the knock and announce rules were intended to protect them, it must be because of the first purpose announced in *Davis,* protection of the occupant's right to privacy. We assume, for purposes of this case, that Robert Johnson and Michael Davey had privacy interests protected by the fourth amendment in materials stored on the premises. Johnson argues that this privacy interest is identical to the privacy interest protected by the knock and announce rules. We disagree. As the Oregon Supreme Court pointed out in *State v. Valentine,* 264 Or. 54, 504 P.2d 84 (1972),

*cert. denied,* 412 U.S. 948, 93 S.Ct. 3001, 37 L.Ed.2d 1000 (1973), "The only right of privacy protected by the announcement requirement is the right to know who is entering, why he is entering, and a few seconds to prepare for his entry." *Id.* at 87. The knock and announce rules are not intended to protect an absent co-tenant's possessory and privacy interests in items stored on the premises. The requirement that the police obtain a warrant and limit their search to the scope of the warrant protects these interests. Consequently, since the knock and announce rules were not enacted to protect the rights of those who are not present when a warrant is executed, it necessarily follows that they cannot complain of a violation of those rules. The trial court erred in suppressing evidence against Robert Johnson and Michael Davey.

The judgment of the superior court is AFFIRMED with respect to Kelly Davey, and REVERSED as to Robert Johnson and Michael Davey. This matter is REMANDED for trial.