848 F.2d 195
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Allen WHITTEN, Jr., Defendant-Appellant.
 No. 87-5951.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1988.
 
 Before MERRITT and CORNELIA G. KENNEDY, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 Appellant was convicted below upon a guilty plea of possessing cocaine with intent to distribute in violation of 21 U.S.C. Sec. 846, conditioned upon the right to appeal the District Court's denial of his motion to suppress fruits of a search of his residence. A warrant that authorized a search was issued in Oxford, Mississippi on the same night of the search, and then was taken by a federal agent to the scene of the search some 85 miles away. It is undisputed that the officers conducting the search did not have the warrant with them when they began the search. It is also undisputed that the FBI agent arrived at the scene with the warrant at least 75 minutes after the search began and before the search was concluded. The record is silent whether the warrant was issued before or after the search began, and whether any of the agents instituting the search were aware of either the issuance or the contents of the warrant.
 
 
 2
 One purpose of the Fourth Amendment warrant requirement is to place limits on what otherwise would be a warrantless general search by assuring that an officer knows that the search is in fact authorized and is limited to a particular place and particular objects. Neither the Fourth Amendment nor Fed.R.Crim.P. 41, however, requires that police conducting a search under the authority of a warrant must physically possess a copy of a warrant with them at the time they begin a search authorized by that warrant. See Katz v. United States, 389 U.S. 347, 355 n. 16 (1967).
 
 
 3
 Possession of a warrant provides a presumptive safeguard that a searching officer is in fact aware of its contents. When possession of a warrant is lacking, however, the Fourth Amendment surely requires that an officer conducting a search claiming the authority of a warrant be aware of its issuance and contents--otherwise the search would be unlimited and therefore unreasonably general. See United States v. Buckner, 717 F.2d 297, 301 (6th Cir.1983).
 
 
 4
 In such circumstances, we follow the usual approach of placing a burden upon the defendant to make a prima facie case that a search has not "adhere[d] to judicial processes," United States v. Jeffers, 342 U.S. 48, 51 (1951), and then shift the burden to the government to justify its departure. See United States v. Murrie, 534 F.2d 695 (6th Cir.1976); United States v. Thompson, 409 F.2d 113 (6th Cir.1969).
 
 
 5
 In this case, the defendant's motion to suppress and accompanying arguments fairly placed the government on notice that the lawfulness of the search was in question. The government thus was required to show either its authority under a warrant or that an exception to the warrant requirement applied. See Coolidge v. New Hampshire, 403 U.S. 443, 455 (1971). The government did not carry this burden, but the transcript of the suppression hearing does not indicate that the District Court appreciated that this burden rested upon the government. As a result, the record is too deficient for us to resolve the issues potentially raised by this appeal.
 
 
 6
 Accordingly, we remand the case to the District Court for further proceedings on the motion. On remand, the trial court should adduce evidence relevant to whether the search was conducted lawfully under the authority of the warrant, as discussed above. If the search cannot be justified under the warrant, the District Court also should consider whether the fruits of the search would be nonetheless admissible under the doctrines of exigent circumstances, see Welsh v. Wisconsin, 446 U.S. 740 (1984), or of inevitable discovery, see Nix v. Williams, 467 U.S. 431 (1984). The judgment of conviction remains intact while the case is remanded for continuing proceedings on the motion to suppress.