**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Richard Roy BIGGS, Defendant–Appellant.**

**No. 94–6316.**

United States Court of Appeals, Sixth Circuit.

Argued Sept. 5, 1995.

Decided Dec. 4, 1995.

David P. Folmar, Office of the U.S. Attorney, Knoxville, TN (argued and briefed), for Plaintiff-Appellee.

John C. Cavett, Jr., Cavett & Abbott, Chattanooga, TN (argued and briefed), for Defendent-Appellant.

Before: MERRITT, Chief Judge; WELLFORD and DAUGHTREY, Circuit Judges.

MERRITT, C.J., delivered the opinion of the court, in which DAUGHTREY, J., joined. WELLFORD, J. (pp. 916–17), delivered a separate dissenting opinion.

MERRITT, Chief Judge.

Defendant Richard Biggs appeals from the district court's order denying his motion to suppress evidence seized pursuant to a so-called "protective sweep" of his motel room undertaken incident to his arrest in the parking lot outside his motel room. The evidence, a gun, was used to convict defendant under 18 U.S.C. § 922(g)(1), as a convicted felon in possession of a firearm, and to increase his sentence under the Armed Career Criminal Act. 18 U.S.C. § 924(e). Defendant argues that the rationale allowing a "protective sweep" incident to an arrest set out in the 1990 Supreme Court case *Maryland v. Buie,* 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990), is not present here and that the search of his motel room after his arrest violated his Fourth Amendment right and should result in the suppression of the gun as evidence. For the reasons explained below, we find that the search of defendant's motel room was reasonable to ensure the safety of the arresting officers and the public and to allow the defendant to retrieve his personal effects. The search, therefore, did not violate defendant's Fourth Amendment right to be free from unreasonable searches and seizures. Accordingly, we affirm the

District Court's denial of defendant's motion to suppress evidence.

The Hamilton County, Tennessee, Sheriff's Department received information that the defendant, who was wanted on a fugitive warrant, was in a local motel room. When the three officers arrived at the motel, defendant's truck was parked at a left angle outside his motel room. The testimony in the record is in dispute as to how far the truck was from the motel room, but it was between 20 and 75 feet. The officers set up surveillance of defendant's room, with one officer outside the motel room and the other two officers in the room next door to defendant. The officers had received information that someone was expected to come to the motel room to meet the defendant.

About two hours after the surveillance started, the defendant left his room, barefoot and shirtless, and, leaving the door to the room ajar, went to his truck in the parking lot. The officers arrested defendant at the truck. After the defendant was placed in custody at his truck, two of the officers went inside his motel room through the partially open motel room door. The officers then undertook a "protective sweep" of the room. During the sweep, a gun was found in plain view in an open suitcase located on the end of one of the beds in the room.

At the suppression hearing, the officers testified that they undertook the protective sweep to ensure their safety and the public safety because the officers knew that on two prior arrests of defendant he had been accompanied by someone in possession of a firearm. The district court made a factual finding that the officers were reasonable to rely on their past experiences with Biggs in deciding to search the room.

■ The Fourth Amendment bars only unreasonable searches and seizures. In determining reasonableness, the court must balance the intrusiveness of the search against the government's interest in conducting the search under the circumstances. *Maryland v. Buie,* 494 U.S. at 331, 110 S.Ct. at 1096–97. Absent exigent circumstances, police officers may not undertake a warrantless search. *Id.* As stated in *Buie*

A "protective sweep" is a quick and limited search of premises, incident to an arrest, conducted to protect the safety of police officers and others. It is narrowly confined to a cursory visual inspection of those places in which a person might be hiding.... Beyond that, however, we hold that there must be articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene.

*Id.* at 334, 110 S.Ct. at 1098. In *Buie,* the search was upheld where several police officers went to the defendant's home with an arrest warrant and arrested defendant inside his home. While defendant was being arrested, one officer went to the basement to find out if anyone was down there. While in the basement the officer saw, in plain view, a piece of evidence that linked defendant to the crime.

■ In order for officers to undertake a protective sweep of an area they must articulate facts that would warrant a reasonably prudent officer to believe that the area to be swept harbored an individual posing a danger to those on the scene. *Buie,* 494 U.S. at 333–34, 110 S.Ct. at 1097–98. *Accord United States v. Johnson,* 9 F.3d 506, 510 (6th Cir.1993)(protective sweep of house justified where police arrive on scene of breaking and entering), *cert. denied,* — U.S. —, 114 S.Ct. 2690, 129 L.Ed.2d 821 (1994); *United States v. Rigsby,* 943 F.2d 631, 637 (6th Cir.1991)(search upheld where totality of the circumstances, including the firing of a gun in the distance, led officers to believe that a zipped tent on the property might pose a threat to their safety), *cert. denied,* 503 U.S. 908, 112 S.Ct. 1269, 117 L.Ed.2d 496 (1992); *see also United States v. Calhoun,* 49 F.3d 231, 234 n. 3 (6th Cir.1995); *United States v. Akrawi,* 920 F.2d 418, 420 (6th Cir. 1990)(sweep of upstairs of house incident to arrest downstairs found to be unconstitutional search where officers articulated no reason for searching upstairs); *United States v. Hatcher,* 680 F.2d 438, 444 (6th Cir.1982).

■ In order to find the protective sweep constitutional under *Buie,* the officers must articulate why it was reasonable for them to undertake a warrantless search of a motel room 20–75 feet from the arrest site once they had the defendant under their control. It is undisputed that Biggs had an expectation of privacy in his hotel room. *Stoner v. California,* 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964). In this case, the officers based the need for the search on several articulable factors that would lead a reasonably prudent officer to believe that the officers might be in danger from someone in the motel room. First, the officers had received information that another person would be meeting defendant at the motel room. Although the officers never saw anyone enter the room during the surveillance period, they did not know if someone was already in the room when they arrived. Second, defendant left the motel room door open so that anyone present in the room had a clear view of the officers, thereby threatening their safety from an unknown person present in the room. Third, the officers were familiar with defendant and knew that he had been arrested on two previous occasions in the presence of someone in possession of a firearm. In addition to these reasons, the officers did not act unreasonably in accompanying a shoeless, shirtless man about to be transported to jail back to his motel room. The door to the room was standing open. The defendant had clothes and other personal items to be retrieved. It was only natural, as a matter of common sense, for the officers to go with the defendant back into the room to retrieve his possessions. The law does not require officers to leave common sense at the door.

Based on this combination of circumstances, the District Court found that the officers reasonably believed that the law authorized them to enter the room with the defendant. Deference is due the District Court on its factual findings about the nature of the possible danger faced by the officers when they went to arrest Biggs. The factual findings made by the District Court are not clearly erroneous and the legal conclusion proper. Because the officers stated an articulable reason to search the room as required by *Buie,* the decision of the District Court to deny the motion to suppress is affirmed.

HARRY W. WELLFORD, Circuit Judge, dissenting.

I would respectfully dissent with respect to the "protective sweep" of defendant's motel room wherein a police officer found a weapon. The district court concluded that *Maryland v. Buie,* 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990), supported the warrantless entry of Biggs' motel room as a "protective" matter, suspecting that perhaps some armed or dangerous companion of Biggs might be in the room. The district court observed during the suppression hearing that a *Buie* search had to be supported by *"reasonable* suspicion, articulable facts." J/A 72 (emphasis added). The judge simply denied the motion on the basis of his feeling that "this is a proper protective sweep under *Maryland v. Buie."* J/A 79.

In my view, a more specific showing in this case is necessary to reflect that a protective sweep was necessary without consent. The burden is upon the government to justify the warrantless search, whether or not it is deemed to be a "protective sweep." *United States v. Akrawi,* 920 F.2d 418 (6th Cir.1990); *United States v. Hatcher,* 680 F.2d 438, 444 (6th Cir.1982); *United States v. Murrie,* 534 F.2d 695, 698 (6th Cir.1976).

Detective Hamby testified that at the scene the location of the pickup truck where Riggs was arrested was "50, 75 feet, somewhere around there" from the motel room in question. J/A 63. Others estimated the distance as less than that. The district court found that "[t]he truck was somewhere between 20 and 75 feet … from the front door of the motel room." There were a number of officers at the scene, and there had been surveillance for several hours. No one observed anyone going into or out of the room in which Biggs was staying until he emerged, unarmed and unsuspecting. I find nothing in the record to indicate that the officers accompanied Biggs back to the motel room *on the occasion of the alleged protective* sweep.[1]

---

1. The majority says that "the officers did not act unreasonably in accompanying a shoeless, shirt-

Whether the knowledge of the police that Biggs had in the past been involved with others who possessed weapons was sufficient in this case seems doubtful in light of the absence of evidence that anyone was with Biggs. There is no evidence that the officers attempted any other means of investigating this rather than proceeding into the room *without* consent or warrant.

*Buie* and the other cases cited by the majority in support of affirmance for the most part involve sweeps of a house or residence in which the suspect has been apprehended. Searching for weapons or accomplices in a home or residence where officers have a *reasonable* suspicion of danger is one thing—entering an searching a motel room as much as 75 feet away from the scene of arrest of an unarmed suspect is another.[2]

Accordingly, I **DISSENT**.

less man ... back to his motel room." That they may have accompanied him *after the search* is immaterial.

2. See *United States v. Calhoun*, 49 F.3d 231 (6th Cir.1995), for a recent case dealing with an unauthorized, *illegal "sweep"* of an apartment where defendant, attired in a T-shirt and shorts, had been apprehended at the door.