73 F.3d 362
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Delta Lee EADY, Defendant-Appellant.
 No. 95-5047.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1995.
 
 Before: LIVELY, KENNEDY and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Delta Eady was indicted on one count of possession with the intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. Sec. 841(a)(1). At a pre-trial evidentiary hearing, the District Court denied defendant's motion to suppress certain physical evidence alleged to have been acquired in violation of 18 U.S.C. Sec. 3109 and denied the defendant's motion to suppress evidence of incriminating statements allegedly made by the defendant before being apprised of his Miranda rights. Defendant offered a conditional plea of guilty to the charged offense and was sentenced to 211 months and 5 years supervised release. Defendant appeals the denial of his motions to suppress. Furthermore, he appeals his sentence as excessive. For the following reasons, we AFFIRM.
 
 I.
 
 2
 On June 3, 1994, officers of the Chattanooga Police Department executed a search warrant at the home of the defendant and seized about 177 grams of crack cocaine and $2075 in cash.
 
 
 3
 Defendant moved for suppression of the evidence seized during that search. At the subsequent suppression hearing a police detective and defendant offered sharply conflicting accounts of the events that occurred on the day of the search. Defendant claims that the police entered without any announcement and that they adduced statements from the defendant without apprising him of his Miranda rights. The government, on the other hand, asserts that police officers knocked on defendant's door, announced their presence and their purpose, and, hearing retreating footsteps, entered defendant's residence. Furthermore, the government offered testimony that incriminating statements made by defendant were subsequent to his being told of his Miranda rights.
 
 II.
 
 4
 Defendant argues that Chattanooga Police Detective Larry Ellis violated 18 U.S.C. Sec. 3109 in his search of his home in June of 1994 and that therefore the District Court should have suppressed evidence acquired during the search. The specified statute regulates only federal officers, however, and has no application when state officers, acting without federal involvement, seize evidence later offered in a federal prosecution. United States v. Gatewood, 60 F.3d 248, 249 (6th Cir.1995). Nonetheless, we review the state action here under the Fourth Amendment, if not under the statute. See Wilson v. Arkansas, 115 S.Ct. 1914, 1917-18 (1995).
 
 
 5
 The District Court found Detective Ellis' version of the events of June 3, 1994 more credible than Defendant's. It made findings of fact consonant with Officer Ellis' testimony. We will not disturb the District Court's credibility determination unless shown to be clearly erroneous. United States v. Cooke, 915 F.2d 250, 252 (6th Cir.1990). Defendant argues vigorously that the District Court simply made the wrong credibility determination. But where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. United States v. Yellow Cab Co., 338 U.S. 338, 342 (1949). There were two permissible views here. Since defendant's motion to suppress his alleged incriminating statements was objected to solely on a factual basis and we do not find any of the District Court's factual findings clearly erroneous, we affirm that court's ruling on that issue.
 
 
 6
 Defendant's motion to suppress physical evidence found during Officer Ellis' search encompassed a legal issue. Legal conclusions are subject to de novo review. See e.g. United States v. Radka, 904 F.2d 357, 361 (6th Cir.1990).
 
 
 7
 This case involved a forcible entry into defendant's home by the police. As such, the Fourth Amendment requires that, absent sufficient exigent circumstances, entry by the police be preceded by 1) an announcement of authority, 2) announcement of purpose and 3) grounds for believing entry has been refused (these requirements constitute the so-called "knock and announce rule"). United States v. Murrie, 534 F.2d 695, 698 (6th Cir.1976). Since the facts found by the District Court were based on its credibility findings and they are not shown to be a clearly erroneous, we accept them. Accepting the facts as found by the District Court, the record establishes that the first two requirements were met in this case.
 
 
 8
 The District Court found that the third element was excused by the following exigent circumstances. The object of the search warrant was easily disposable drugs, the police had knowledge of the suspect's prior criminal record which included conviction for weapon possession, and the officer at the door heard sounds of retreat immediately after knocking and announcing. We agree with the District Court that the police officer had grounds to reasonably conclude that further delay before entering the defendant's home increased the risk of destruction of the evidence and increased the risk to officers' personal safety. The exigent circumstances justified the entry. See United States v. Nabors, 901 F.2d 1351, 1354 (6th Cir.) cert. denied, 498 U.S. 871 (1990) (exigent circumstances existed where defendant (1) was suspected of trafficking in narcotics, (2) was a felon "in the possession of an array of firearms," and (3) habitually wore a bullet-proof vest).
 
 
 9
 Finally, we are without jurisdiction to consider the defendant's argument that the 211 month sentence was excessive. The guideline sentencing range was 188 and 235 months. Where, as here, there is no issue as to whether the guideline was properly computed, no issue that the sentence was imposed in violation of law, and no issue that the sentence exceeded those provided for by the guidelines, the sentence is not reviewable on appeal. See 18 U.S.C. Sec. 3742(a); United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990); United States v. Sawyers, 902 F.2d 1217, 1221 n. 5 (6th Cir.1990).
 
 III.
 
 10
 For the reasons stated, we AFFIRM.