NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0073n.06

Nos. 13-3084/3085

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| DAVID P. CRAIL, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

FILED
Jan 28, 2014
DEBORAH S. HUNT, Clerk

BEFORE: SUHRHEINRICH, GIBBONS, and COOK, Circuit Judges.

PER CURIAM. David P. Crail appeals through counsel his conviction following his guilty pleas to charges of cultivating marijuana, being a felon in possession of firearms, and making a false statement on a passport application, for which he was sentenced to 100 months of imprisonment.

The FBI in Columbus, Ohio, learned that Crail was living in Columbus under an alias and was wanted in Michigan on seven drug and firearms charges. He had a prior conviction of assault with a deadly weapon and was considered armed and dangerous. His wife, who had a prior drug conviction, was also believed to be living with Crail under an alias. Additionally, the FBI learned that another man was receiving mail at the address. On the date of Crail's arrest, officers waited for him to leave the house so that he could be arrested in his vehicle, but Crail did not leave. A vehicle was parked in the driveway that was not the vehicle registered to Crail that he had previously been seen driving. Eventually, the officers approached the front door and

knocked. Other officers watched the back of the house. Crail came to the door. He at first denied his true identity. However, he then admitted his identity and came out on the front porch to be searched and handcuffed. While talking with Crail, the agents heard and saw movement inside the house through the partially opened door. Some of the agents entered the house to perform a protective sweep. Crail's wife and another man were found inside. They would not confirm whether other people were in the house. The agents also saw in plain view drug paraphernalia, firearm packaging and ammunition, and, in the basement, a marijuana cultivation operation. Meanwhile, Crail and the other agents waited in front of the house for a van to transport Crail to jail. After the house was cleared, a warrant was obtained that resulted in the discovery of numerous firearms.

Crail was charged with cultivating marijuana and being a felon in possession of firearms. In a separate case, he was charged with making a false statement on a passport application, arising from his attempt to obtain a passport under his alias. Crail moved to suppress the drugs and firearms discovered inside the house. The district court held a hearing on the motion, at which some of the agents involved in Crail's arrest testified to the above facts. Contrary to Crail's representation in his brief, none of the agents testified that they had determined to perform a protective sweep ahead of time, but instead testified that a sweep would be conducted only if needed. The district court denied the motion to suppress. Crail then entered guilty pleas to all of the charges, reserving the right to appeal the denial of his motion to suppress. In his brief, he argues that a protective sweep of the house was unnecessary and that the evidence discovered should therefore have been suppressed, rendering his convictions for cultivating marijuana and possessing firearms void. Because his sentences for all three of his convictions

were linked, he also argues that he should be resentenced for his conviction of making a false statement on a passport application.

On appeal from a denial of a motion to suppress, we review the district court's factual findings for clear error and its conclusions of law de novo. *See United States v. Simpson*, 520 F.3d 531, 534 (6th Cir. 2008). The evidence is considered in the light most favorable to the government. *United States v. Pearce*, 531 F.3d 374, 379 (6th Cir. 2008).

The parties agree that the arresting officers could perform a protective sweep of the house if a reasonable officer, based on specific facts, would be concerned that there were other persons present who posed a danger to those on the scene. *See Maryland v. Buie*, 494 U.S. 325, 334 (1990); *United States v. Taylor*, 666 F.3d 406, 409 (6th Cir. 2012). Crail argues that his case is similar to *United States v. Archibald*, 589 F.3d 289, 298 (6th Cir. 2009), where we held that a protective sweep of the home was improper where the defendant was arrested at the front door. However, in that case, there was no reason for the arresting officers to believe that anyone else was present in the home. *Id.* at 299. Here, there were specific facts that supported the officers' belief that other individuals posing a danger to them could be present. The officers believed that Crail's wife and another man were living there, and they heard and saw movement inside the house while Crail was at the front door. Therefore, this case more closely resembles *United States v. Biggs*, 70 F.3d 913, 916 (6th Cir. 1995), where although the defendant was arrested outside, a sweep of a motel room was justified, in part, because another person was expected to be there and the door was ajar, allowing anyone inside to see the arrest in progress. Furthermore, someone else's car was parked in the driveway, which was found to be a justifying factor for a protective sweep in *United States v. Stover*, 474 F.3d 904, 911-12 (6th Cir. 2007). The officers

also had to wait at the house until a police van arrived to transport Crail, subjecting them to a more prolonged threat.

Therefore, viewing the evidence in the light most favorable to the government, we agree with the district court's conclusion that the protective sweep was justified. Accordingly, the denial of the motion to suppress is affirmed.