54

## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Byars

Case No. CF890556

Commonwealth of Virginia

v.

Simms

Case No. CF890561

October 6, 1989

By JUDGE ALFRED D. SWERSKY

This matter is before the Court on defendants' Motions to Suppress evidence seized as the result of the execution of a search warrant. Defendants complain that the manner of execution of the warrant violated the "knock and announce" rule that requires officers to attempt to peaceably gain admittance by announcing their presence, identify themselves as police officers, and state their purpose. *See, Johnson v. Commonwealth*, 213 Va. 102 (1972); *Heaton v. Commonwealth*, 215 Va. 137 (1974).

The evidence is in conflict. The first officer at the door testified that while in plain clothes he knocked, a man opened the door "just about all the way," and the officer could see into the apartment. He said, "What's up, man?" There was no response, and he said, "We're police;

we have a search warrant," and the person at the door tried to shut it. At this point, he entered the apartment. (Tr. 7-8). No uniformed officers were visible although they were present, having been hidden out of view.

Two witnesses, present at the search but not charged with criminal offenses, testified that the door was opened after a knock, that the man did say, "What's up, man?", and a response was made. The officer pushed the door open and announced that they had a search warrant after entry into the apartment. One of the defendants' witnesses did testify that the door was only opened about a foot and that the person opening the door did try to close it a little bit "because he didn't know who he was." (Tr. 34).

No case in Virginia has been found as to which party bears the burden of proof under such circumstances as are presented here. While some presumption of regularity may obtain in the issuance of the warrant, it would have no application to the manner of the execution of the warrant, and the Commonwealth cannot rely on such a presumption in this case.

Other jurisdictions that have dealt with the burden of proof in Motions to Suppress have split. *See*, 4 LaFave, *Search and Seizure*, 2nd Edition, § 11.2(b) at pp. 219, 227. The better rule is that where defendant has made a *prima facie* case of a violation of the "knock and announce" rule the burden of proof rests upon the Commonwealth to show that no violation occurred. *See United States v. Murrie*, 534 F.2d 695 (6th Cir. 1976), where the Court held the burden should be on the government under a federal "knock and announce" statute (18 U.S.C. 3109), as well as under the "unreasonable" search standard of the Fourth Amendment (534 F.2d at 698).

This burden has been placed on the prosecution in other Fourth Amendment areas, such as consent (*Bumper v. North Carolina*, 391 U.S. 543 (1968)); exceptions to the warrant requirement (*McDonald v. United States*, 335 U.S. 451 (1948)); that evidence is free from the taint of illegality and has an independent origin (*Alderman v. United States*, 394 U.S. 165 (1969)). The same policy considerations apply to this case, and the ultimate burden of proof is placed on the Commonwealth to show that no violation of the "knock and announce" rule occurred once a *prima facie* showing of a violation has been made.

56

The Commonwealth has failed to meet that burden, and the Motions to Suppress must be granted.