ALLEN, Judge.
The appellant challenges his convictions for possession of cocaine and cannabis, arguing that the trial court erred in denying his motion to suppress evidence seized from his residence. Because police officers did not comply with the knock and announce procedures of section 933.09, Florida Statutes, we reverse.
Acting upon a valid search warrant, police officers arrived at the appellant’s residence to search for narcotics. The residence was unoccupied at the time, but the appellant was working on his car in front of the residence. Without ascertaining his identity, the officers detained the appellant and immediately proceeded to use a ramming tool and pick to break in the locked outer door of the residence. Cocaine and cannabis were found inside, and the appellant was thereafter charged with possession of the narcotics.
Arguing that the police officers had not complied with the knock and announce requirements of section 933.09, Florida Statutes, the appellant moved the trial court to suppress the evidence found in the residence. The trial court found that the officers had not complied with the statute and further-found that neither the officer peril exception nor any other exception to applicability of the statute, as articulated in State v. Bamber, 630 So.2d 1048 (Fla.1994), and Benefield v. State, 160 So.2d 706 (Fla.1964), had been established. But the court nevertheless declined to suppress the evidence, reasoning that the statute had not been violated because the residence was unoccupied prior to the officers’ entry. Following denial of the motion to suppress, the appellant pled nolo contendere to possession of cocaine and ean-nabis, reserving the right to appeal the dis-positive order by which the trial court denied suppression of the evidence.
The rationale usually advanced for excusing compliance with the knock and announce statute at an unoccupied dwelling is that when the officers know the residence is unoccupied, knocking would be a futile gesture. See Van Allen v. State, 454 So.2d 49 (Fla. 4th DCA 1984), rev. denied, 462 So.2d 1108 (Fla. 1985). In Van Allen, the appellant had told police officers that he would be out of town, so when the officers obtained a search warrant, they were reasonably certain the residence would be unoccupied, and it was.. The court concluded that “no violation of the knock and announce rule occurs where law enforcement officers, reasonably believing premises to be unoccupied, otherwise lawfully intrude upon premises without announcing their authority and purpose, when in fact the premises are unoccupied.” Id. at 51.
But the rationale of Van Allen is inapplicable to the present circumstances because the officers in the present ease did not have a reasonable belief that the residence was unoccupied. To the contrary, the officers testified they did not know whether the residence was occupied, and that they decided prior to their arrival at the appellant’s residence that they were going in unannounced.
The appellee suggests that the violation of the statute was harmless because none of the goals of the knock and announce statute are served by requiring police to announce their identity and purpose under the circumstances in the present ease. We do not agree.
The supreme court in Bamber explained the reasons for the knock and announce rule:
The constitutional requirement of announcement serves a number of most worthwhile purposes:
(i) “decreasing the potential for violence”;
(ii) “protection of privacy”; and
*1164 (iii) “preventing the physical destruction of property.”
630 So.2d at 1052 (quoting 2 Wayne R. La-Fave, Search and Seizure § 4.8(a) (2d ed.1987)). At the very least, the third interest was implicated in the present ease. If the police had followed the required procedures, the appellant would have had the opportunity to acknowledge that the house was his, and permit entry without destruction of the door.
Because the knock and announce statute was violated and no exception to the statute was established, the evidence seized from the residence should have been suppressed. Accordingly, the appellant’s convictions are reversed, and this case is remanded to the trial court with directions that the appellant be discharged.
ERVIN, J., and SMITH, LARRY G., Senior Judge, concur.