# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-05-00261-CR
NO. 03-05-00262-CR
NO. 03-05-00263-CR

**John Rudolph Martinez, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
NOS. D-1-DC-2004-202688, D-1-DC-2004-202689 & D-1-DC-2004-202690,
HONORABLE BRENDA KENNEDY, JUDGE PRESIDING**

# O P I N I O N

Appellant John Rudolph Martinez appeals three convictions for possession of four grams or more but less than 200 grams of cocaine, heroin, and methamphetamine. After waiving trial by jury, appellant entered pleas of guilty before the court to lesser included offenses of those charged in the original indictments as a part of a plea bargain. A prior conviction for possession of cocaine alleged for enhancement of punishment in each indictment was abandoned by the State.

The trial court assessed punishment in each case at eight years, six months confinement in the Texas Department of Criminal Justice, Institutional Division. The sentences are to run concurrently.

## POINT OF ERROR

Appellant presents his sole contention in the form of a question: "Did the trial court err by overruling appellant's motion to suppress based on the Fourth Amendment right against unreasonable search and seizure? In the instant case, the police officers failed to knock and announce before executing their narcotics search warrant."

Despite our concerns about the irregular procedure involving the motion to suppress evidence, the parties are apparently in agreement about the facts underlying the motion, and the trial court has certified appellant's right to appeal a motion filed and ruled on before trial. *See* Tex. R. App. P. 25.2(a)(2)(A).

## MOTION TO SUPPRESS
## STANDARD OF REVIEW

A trial court's ruling on a motion to suppress evidence is reviewed on appeal under an abuse of discretion standard. *Oles v. State*, 993 S.W.3d 103, 106 (Tex. Crim. App. 1999). The ruling will stand unless it falls outside the bounds of reasonable disagreement. *Janecka v. State*, 937 S.W.2d 456, 462 (Tex. Crim. App. 1996). The appellate court must review the trial court's ruling in light of what was before the trial court at the time the ruling was made. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002); *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). Appellate courts give great deference to a trial court's determination of historical fact where supported by the record. *Johnson v. State*, 68 S.W.3d 644, 652 (Tex. Crim. App. 2002). The reviewing court, however, conducts a *de novo* review of applicable law, *Romero v. State*, 800 S.W.2d 539, 543-44 (Tex. Crim. App. 1990), as well as mixed questions

2

of law and fact that do not turn on the credibility and demeanor of a witness. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

If the trial court has made no explicit findings of fact, as here, the evidence must be reviewed in the light most favorable to the trial court's ruling. *Carmouche v. State*, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000). The trial court's ruling should be upheld if it is correct on any theory of the law applicable to the case, even if the wrong reason was given for the ruling. *Willover*, 70 S.W.3d at 845; *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).

## BURDEN OF PROOF

If a defendant seeks to suppress evidence on the basis of the Fourth Amendment, the burden of proof is on the defendant to overcome the presumption of proper police conduct. *Russell v. State*, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986). If the defendant meets his burden by showing that a search or seizure occurred and no warrant was obtained, the burden shifts to the State. If the State produces a valid warrant, the burden shifts back to the defendant. *Id*. at 9-10. Here, the agreement of the parties shows that there was a valid search warrant. Appellant complains not of the validity of the warrant, but the manner of its execution. This would seemingly shift the burden back to the State as to the execution of the search warrant.

## FACTUAL BACKGROUND

The pertinent facts are derived solely from Austin police officers' offense reports. Austin police officers received information from a confidential informant on June 14, 2004, that

3

appellant was in possession of cocaine in a hotel room. Reliable information was received indicating that there was heavy foot traffic to Room 319 in the Best Value Motel. On the morning of June 15, 2004, Austin police officers set up a surveillance of Room 319. It was determined that appellant was registered as a guest in that room. The manager of the motel asked the officers if they were going to be able to clean up the drug problem at his motel. One officer set up his surveillance in Room 320, across the hall from Room 319. Another officer stationed himself in the parking lot. At approximately 10:00 a.m., a Hispanic female left Room 319, went to a car in the parking lot (known to have been driven by the appellant), got a purse out of the car, and walked to a nearby access road. She was not detained. Later that morning, a police officer observed appellant looking up and down the hallway from Room 319, and later opening the door to talk to the manager about staying another day. Still later, appellant walked to the motel's office and returned to his room.

At 12:40 a.m. on June 16, 2004, police officers obtained a search warrant to search appellant's motel room. In the early morning hours, the officers telephoned appellant in his room, hoping to get him to open his room door. He did not answer. One of the officers, posing as a motel maintenance worker, knocked on Room 319's door, announcing that he was there to fix the air conditioner. As appellant opened the door, the officers moved in, announcing that they were Austin police officers with a search warrant. Appellant was arrested and handcuffed. Balloons of heroin, cocaine, and methamphetamine were found. The entry was obtained by ruse. No force was used and no "breaking" occurred. There was no damage to property, and evidence of contraband was not destroyed. The officers were executing a valid search warrant.

4

**DISCUSSION**

Appellant does not challenge the validity of the search warrant, but only the manner of its execution. Appellant relies solely upon the Fourth Amendment to the United States Constitution and asserts the lack of reasonableness of the "no-knock" entry in the instant case.[1]

**The Fourth Amendment**

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV; *Brewer v. State*, 932 S.W.2d 161, 167 (Tex. App.—El Paso 1996, no pet.). The Fourth Amendment does not prohibit all searches and seizures, but only those that are *unreasonable. Ibarra v. State*, 11 S.W.3d 189, 192 (Tex. Crim. App. 1999). The central inquiry under the Fourth Amendment is the reasonableness of the search or seizure under the totality of the circumstances. *See* Judge Robert R. Barton, *Texas Law and Practice—Texas Search and Seizure* § 2.01.3 (4th ed. 2006) (citing *Hulit v. State*, 982 S.W.2d 431, 436 (Tex. Crim. App. 1998)). "The reasonableness of a search is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." *Id*. (citing *United States v. Knights*, 534 U.S. 112, 117-18 (2001)).

---

[1] Appellant does not raise or brief a Texas constitutional issue and does not complain of any violation of Texas statutes in the manner of the execution of the search warrant. *See Shuffield v. State*, 189 S.W.3d 782, 788 (Tex. Crim. App. 2006) (involving forfeiture of state constitutional issue).

**The "No Knock" Rule**

It is an ancient common-law principle that law enforcement officers must announce their presence and provide residents with an opportunity to open the door. *See Wilson v. Arkansas*, 514 U.S. 927, 931-32 (1995). The common-law background of the so-called "knock and announce" rule was extensively examined in *Miller v. United States*, 357 U.S. 301, 306 (1958). Under the common law, "breaking was unlawful where the officer failed first to state his authority and purpose for demanding admission." *Id*. at 308. The rule has been codified as a part of the federal statutory law. 18 U.S.C.A. § 3109 (West 2000).

In *Sabbath v. United States*, 391 U.S. 585 (1968), the Court noted that section 3109 "is designed to incorporate fundamental values and the ongoing development of the common law." *Id*. at 589. Section 3109 has been frequently interpreted by federal courts. In *Sabbath*, the Supreme Court held that entry into a residence by opening a closed but unlocked door was a "breaking" and violated section 3109. *Id*. at 588-91. In *Wilson*, the United States Supreme Court was presented with the issue of whether the rule was also within the command of the Fourth Amendment. The Court concluded that it was. *Wilson*, 514 U.S. at 931-36.[2]

In light of *Wilson*, appellant urges that the "knock-and-announce" rule is incorporated within the Fourth Amendment's reasonableness inquiry. Noting the purposes served by the rule as

---

[2] *Wilson v. Arkansas* incorporated the "knock-and-announce" rule into the Fourth Amendment but left unidentified the circumstances under which the failure to knock and announce would be excused. 514 U.S. 927, 936 (1995); *see also Price v. State*, 93 S.W.3d 358, 361 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).

set out in *United States v. Cantu*, 230 F.3d 148, 151 (5th Cir. 2000),[3] appellant urges that *Richards v. Wisconsin*, 520 U.S. 385, 394 (1997), enunciated the standard or test to determine if a "no knock" entry will violate the Fourth Amendment:

> In order to justify a "no knock" entry, the police must have a reasonable suspicion that knocking and announcing their presence under particular circumstances would be dangerous or futile, or that it would inhibit the effective investigation of the crime, for example, allowing the destruction of evidence.

*Richards* at 394.

Officers are not required to knock and announce their presence before entry if either (1) a magistrate has authorized the "no knock" entry or (2) the circumstances support a reasonable suspicion of exigency when the officers arrive at the door, although no magistrate has authorized the unannounced entry. *United States v. Banks*, 540 U.S. 31, 36-37 (2003). In determining the applicability of number (2) above, the totality of the circumstances must be examined. *Id*. at 36; *Flores v. State*, 177 S.W.3d 8, 14 (Tex. App.—Houston [1st Dist.] 2005 pet. ref'd).[4]

However, *Hudson v. Michigan*, 126 S. Ct. 2159, 2165, 165 L Ed.2d 56 (2006), held that the police officers' conceded violation of the "knock-and-announce" rule in executing a search

---

[3] The purposes of the "knock-and-announce" rule are to (1) protect officers and residents from potential violence, (2) prevent the unnecessary destruction of private property, and (3) protect residents from unnecessary intrusion into their private lives. *See United States v. Cantu*, 230 F.3d 148, 151 (5th Cir. 2000); *United States v. Brown*, 52 F.3d 415, 420-21 (2d Cir. 1995).

[4] For a discussion of the Texas "knock-and-announce" rule in light of *Wilson*, 514 U.S. 927, and *Richards v. Wisconsin*, 520 U.S. 385 (1997), see Judge Robert R. Barton, *Texas Law and Practice—Texas Search and Seizure* § 2.03.4.3(E), (F) (4th ed. 2006).

warrant did not require suppression of all the evidence found in the search of the defendant's home. The Court gave the following reasoning:

(1)     The federal constitutional violation of an illegal manner of entry was not a but-for cause of obtaining the evidence.

(2)     The interests protected by the knock-and-announce requirement (a) were different from those protected by the Fourth Amendment's warrant requirement and (b) did not include one's interest in preventing the government from seeing or taking evidence described in a warrant.

(3)     Resort to the massive remedy of suppressing evidence of guilt was unjustified because (a) the social costs of applying the exclusionary rule to knock-and-announce violations would be considerable, (b) the incentive for such violations was minimal to begin with, and (c) the extant deterrences against such violations were substantial.

*Id*. at 2164-68, L Ed.2d at 64-69.

*Hudson* observed that *Wilson* had specifically declined to decide whether the exclusionary rule was applicable to a violation of the "knock-and-announce" rule and that the question was now squarely before the Court. *Id*. at 2163. The Court concluded that the impermissible manner of entry there did not trigger the exclusionary rule. *Id*. at 2171.[5]

Appellant's reliance in the instant case on the "knock-and-announce" rule is misplaced. Even if the State conceded a violation of the rule, which it does not, the exclusionary rule would not apply. Here, as in *Hudson*, the officers were executing a valid search warrant, and the evidence was seized pursuant to that warrant. Moreover, there was no violation of the "knock-and-

---

[5] The holding in *Hudson v. Michigan*, 126 S. Ct. 2159, 2170 (2006), which involved a search warrant, has been extended to arrest warrants. *See United States v. Pelletier*, 469 F.3d 194, 196 (1st Cir. 2006).

8

announce" rule in the instant case. The "knock-and-announce" rule is a prerequisite for forcible entry. It does not apply if officers gain entry to a house without using force, even if entry is accomplished by a ruse. *See United States v. Legault*, 323 F. Supp. 2d 217, 223 (D. Mass. 2004) (citing *Commonwealth v. Sepulveda*, 546 N.E.2d 879 (Mass. 1989)). Here, no force was used to gain entry into appellant's hotel room. The officers used a ruse. "When a suspect is persuaded to open the door to his or her residence, under false pretenses or otherwise, the government has not applied force to open it." *United States v. Alejandro*, 368 F.3d 130, 134 (2d Cir. 2004).

As the Ninth Circuit Court of Appeals has noted, the common-law history points toward a conclusion that the use of subterfuge does not infringe the "knock-and-announce" rule. *See Leahy v. United States*, 272 F.2d 487, 490 (9th Cir. 1959) (citing *Parke v. Evans*, 80 Eng. Rep. 211 (1724); *Rex v. Backhouse*, 98 Eng. Rep. 533 (1763)). Largely on this basis, the *Leahy* opinion concluded that "[m]isrepresentation of identity in order to gain admittance is not a breaking within the meaning of the [federal "knock-and-announce"] statute [18 U.S.C.A. section 3109]." *Id*. at 489; *see Alejandro*, 368 F.3d at 135.[6] In *United States v. Beale*, 445 F.2d 977 (5th Cir. 1971), the court stated: "We are impressed by the discussion of the common law history in *Leahy* revealing a long-standing distinction between entries where force is employed and those obtained by ruse or deception, but without force." *Id*. at 978.

In *Sabbath*, 391 U.S. at 590 n.7, the Supreme Court, discussing the "knock-and-announce" rule under 18 U.S.C.A. section 3109, stated: "We do not here deal with entries obtained

---

[6] *See also United States v. Phillips*, 497 F.2d 1131, 1134 (9th Cir. 1974) (confirming validity of *Leahy*, after decision in *Sabbath v. United States*, 391 U.S. 585, 589-91 (1968)).

9

by ruse, which have been viewed as involving no 'breaking.'" *See, e.g., Smith v. United States*, 357 F.2d 486, 488 (5th Cir. 1966); *Leahy*, 272 F.2d at 489; *see also* Wilgus, *Arrest Without a Warrant*, 22 Mich. L. Rev. 798, 806 (1924). "The function of law enforcement is the prevention of crime and the apprehension of criminals. . . . Criminal activity is such that stealth and strategy are necessary weapons in the arsenal of the police officer." *Sherman v. United States*, 356 U.S. 369, 372 (1958); *see also Sorrells v. United States*, 287 U.S. 435, 444-45 (1932). "[I]n the detection of many types of crime, the Government is entitled to use decoys and conceal the identity of its agents." *Lewis v. United States*, 385 U.S. 206, 209 (1966).[7] "Deception is necessary at times to accomplish the mission of police officers and does not by itself violate the Constitution." *People v. Mastin*, 115 Cal. App. 3d 978, 987 (Cal. Ct. App. 1981); *see generally* John Wesley Hall, Jr., *Search and Seizure* § 8.77 (3d ed. 2000); 79 C.J.S., *Searches and Seizures* § 200 (Deception) (1995).

> Deception—wisely or not—has generally been viewed by the [Supreme] Court as infringing no interest protected by the Fourth Amendment. Moreover, any requirement of announcement can obviously not be met in a deception situation so application of the announcement requirements to these situations would be a *de facto* Fourth Amendment prohibition against the manner of gaining entry. If such a prohibition is to be imposed, it should be done directly and explicitly, not as an incidental consequence of the announcement requirement.

40 George E. Dix & Robert O. Dawson, *Texas Practice*: *Criminal Practice and Procedure* § 6.91 (2d ed. 2001).

---

[7] Even absent a warrant, stratagem or deception utilized to obtain evidence is generally permissible. *Lewis v. United States*, 385 U.S. 206, 208-09 (1966) ("The pretense [here] resulted in no breach of privacy.").

And it has also been written that "no important privacy interests of the occupant are violated if the stranger he lets in is a policeman rather than an electrician." Note, *Police Practices and the Threatened Destruction of Tangible Evidence*, 84 Harv. L. Rev. 1465, 1497 n.152 (1971); *see also* 1 William E. Ringel, *Searches, Seizures, Arrests and Confessions* § 6.11 (2d ed. 2003) ("The right of privacy is minimal when police have a warrant, because there is no right to refuse entry to the police, only a right to submit voluntarily. When entry is made by ruse, the door has been opened, albeit on a false pretext; thus the occupant is not surprised that someone has entered and there is no unexpected exposure of private activities.") (footnotes omitted).

In *Alejandro*, officers with an arrest warrant went to the defendant's apartment 368 F.3d at 130. After knocking three to five minutes, one officer announced that he was a gas company employee, that there was a gas leak in the area, and that he needed to get into the apartment. *Id*. at 132. The defendant opened the door. The officers identified themselves and arrested the defendant. *Id*. There was no physical force used and no damage to the property. In a search of several areas of the apartment, the officers saw what appeared to be illicit drugs and money. They then obtained a search warrant and pursuant thereto seized these items. *Id*.

The defendant sought to suppress the evidence, claiming that the officers violated both 18 U.S.C.A. section 3109 and the Fourth Amendment. *Id*. The Government responded that the "knock-and-announce" rule was inapplicable because the officers did not break anything to obtain entry and the ruse did not violate the defendant's Fourth Amendment rights. *Id*. at 132-33. The court agreed, holding that the ruse was not a "breaking" within section 3109 and that there was no violation of the Fourth Amendment. *Id*. at 133; *see also United States v. Michaud*, 268 F.3d 728,

11

733 (9th Cir. 2001) (holding that officer's "use of trickery to encourage [appellant] to open her hotel room door" did not violate Fourth Amendment given existence of valid warrant).

Given the circumstances in the instant case, there was no violation of the Fourth Amendment as claimed by appellant. The issue of suppression is rendered moot. The trial court did not abuse its discretion in denying the motion to suppress. Appellant's sole point of error is overruled.

The judgment is affirmed.

_____

John F. Onion, Jr., Justice

Before Chief Justice Law, Justices Pemberton and Onion*

Affirmed

Filed: March 27, 2007

Publish

_____

* Before John F. Onion, Jr., Presiding Judge (retired), Texas Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).