PER CURIAM.
 

 In this case, we consider whether the exclusionary rule applies when the police violate Florida’s knock-and-announce arrest statute by failing to announce their purpose for seeking entry.
 

 Kathy Jo Cable appeals her conviction and sentence for trafficking in methamphetamine entered after she pleaded no contest, reserving the right to appeal the denial of a motion to suppress. She now challenges the trial court’s denial of her dispositive motion to suppress evidence discovered by the police and statements made by Cable regarding that evidence when the police entered a motel room to arrest Cable pursuant to an arrest warrant. The record shows that the officer who arrested Cable knocked and announced his presence and authority but failed to announce his purpose before entering the motel room and arresting Cable. We agree with Cable that by failing to announce his purpose before entering the motel room, the officer acted in violation of section 901.19(1), Florida Statutes (2005), Florida’s knock-and-announce arrest statute, which requires that before effecting an arrest by entering premises without consent, an officer must “announce[ ] her or his authority and purpose.”
 

 In
 
 Benefield v. State,
 
 160 So.2d 706 (Fla.1964), the Florida Supreme Court held that — absent the existence of one of the recognized exigencies justifying noncompliance with the knock-and-announce requirement — a violation of the statute vitiated the ensuing arrest and required the suppression of the evidence obtained in connection with the arrest. The facts in
 
 Benefield
 
 were quite extreme: the police “totally ignored every requirement of the law” and barged into a residence without any announcement of their presence, their authority, or their purpose.
 
 Id.
 
 at 709. In
 
 Urquhart v. State,
 
 211 So.2d 79 (Fla. 2d DCA 1968), we considered less extreme circumstances. Relying on
 
 Benefield,
 
 we held that an officer failed to comply with the provisions of the statute when he “did not announce his purpose and he did not wait until he was refused admittance before pushing open the door.”
 
 Urquhart,
 
 211 So.2d at 83. We also held that the officer’s failure to announce his purpose
 
 *39
 
 made “the subsequent arrest and incidental search invalid and any evidence seized as a result thereof ... inadmissible.”
 
 Id.
 
 Similarly, in
 
 Moreno v. State,
 
 277 So.2d 81, 83 (Fla. 3d DCA 1973), the failure of the police to “announce the purpose for their being at appellant’s home” was held to show that the ensuing arrest was not made in accordance with the provisions of the statute. The court held that the evidence seized as a result of the invalidly effectuated arrest was illegally obtained and should have been suppressed.
 

 The holding of
 
 Urquhart
 
 — which is binding precedent — -directly supports Cable’s argument that the trial court erred in failing to grant Cable’s motion to suppress. We can discern no reasonable basis for distinguishing the instant case from
 
 Urquhart.
 
 Accordingly, we reverse Cable’s conviction and sentence.
 

 The State contends, however, that the decision of the United States Supreme Court in
 
 Hudson v. Michigan,
 
 547 U.S. 586, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006), precludes the application of the exclusionary rule as a remedy for violations of the knock-and-announce statute. In
 
 Hudson,
 
 the Supreme Court held that the exclusionary rule was inapplicable because the Fourth Amendment “[knock-and-announce] rule has never protected one’s interest in preventing the government from seeing or taking evidence described in a warrant” and that the interests that were protected by the knock-and-announce requirement — namely, the interests in the avoidance of violence and in the accompanying damage to person and property that may result from an unannounced entry— “have nothing to do with the seizure of the evidence.”
 
 Id.
 
 at 586, 87, 126 S.Ct. 2159.
 

 The issue in the instant case, however, is not — as it was in
 
 Hudson
 
 — whether the evidence is subject to suppression under the Fourth Amendment. Instead, the issue is whether suppression of the evidence is a remedy that must be applied for the violation of the statutory knock-and-announce provision. The Florida case law recognizes the common law and constitutional background for the knock-and-announce statute.
 
 See Benefield,
 
 160 So.2d at 710 (stating that section 901.19 “appears to represent a codification of the English common law which recognized the fundamental sanctity of one’s home”);
 
 State v. Loeffler,
 
 410 So.2d 589, 593 (Fla. 2d DCA 1982) (stating that the purpose of the knock-and-announce statute “parallels that of the constitutional guarantees against search and seizure”). But the case law does not support the conclusion that the statute has no force independent of the requirements of the Fourth Amendment. Under the Florida case law, it is by no means clear that the exclusionary rule has been applied to violations of the knock- and-announce statute only because Fourth Amendment knock-and-announce violations were subject to the exclusionary rule. Indeed,
 
 Benefield
 
 applied the exclusionary rule for violations of the knock-and-announce statute long before the United States Supreme Court decided in
 
 Wilson v. Arkansas,
 
 514 U.S. 927, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995), that the common law knock-and-announce rule was also a “ ‘command of the Fourth Amendment.’ ”
 
 Id.
 
 at 931, 115 S.Ct. 1914 (quoting
 
 New Jersey v. T.L.O.,
 
 469 U.S. 325, 337, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985)). Thus, we conclude that
 
 Hudson
 
 does not displace the existing Florida precedent, which mandates the application of the exclusionary rule for violations of the knock-and-announce statute.
 

 We do recognize, however, that the reasoning of
 
 Hudson
 
 calls into question the appropriateness of applying the exclusionary rule for violations of Florida’s knock- and-announce statute. Accordingly, we
 
 *40
 
 certify the following question to be one of great public importance:
 

 IN VIEW OF THE ABROGATION OF THE EXCLUSIONARY RULE FOR FOURTH AMENDMENT KNOCK-AND-ANNOUNCE VIOLATIONS, SHOULD THE JUDICIAL REMEDY OF EXCLUSION OF EVIDENCE BE APPLIED FOR VIOLATIONS OF FLORIDA’S STATUTORY KNOCK-AND-ANNOUNCE PROVISIONS?
 

 Reversed and remanded for discharge; question certified.
 

 LaROSE, J., and CANADY, CHARLES T., and DEMERS, DAVID A., Associate Judges, Concur.