SALTER, J.
 

 The State of Florida appeals an order suppressing evidence obtained during the execution of a duly-issued search warrant. Based upon an evidentiary hearing and findings that (1) the law enforcement officers executing the warrant violated Florida’s “knock-and-announce” statute, section 933.09, Florida Statutes (2009), and (2) no exigent circumstances existed to justify the violation of that statute, the trial court granted the motion to suppress.
 

 The trial court initially denied the motion, concluding that this case was on “all-fours” with
 
 Hudson v. Michigan,
 
 547 U.S. 586, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006).
 
 [1]
 
 Upon rehearing, however, the defense persuaded the trial court that it was obligated to follow
 
 Cable v. State,
 
 18 So.3d 37 (Fla. 2d DCA),
 
 review granted,
 
 22 So.3d 539 (Fla.2009). In
 
 Cable,
 
 our sister district court of appeal concluded that the violation of Florida’s knock-and-announce statute is an independent basis for excluding evidence — a basis that was not displaced or abrogated by
 
 Hudson. Cable
 
 certified to the Florida Supreme Court a question of great public importance:
 

 IN VIEW OF THE ABROGATION OF THE EXCLUSIONARY RULE FOR FOURTH AMENDMENT KNOCK-AND-ANNOUNCE VIOLATIONS, SHOULD THE JUDICIAL REMEDY OF EXCLUSION OF EVIDENCE BE APPLIED FOR VIOLATIONS OF FLORIDA’S STATUTORY KNOCK-AND-ANNOUNCE PROVISIONS?
 

 Our analysis begins with Article I, section 12, of the Florida Constitution, directing us to analyze rights and remedies relating to searches, seizures, and warrants “in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court.” Evidence otherwise admissible must be suppressed if and only if it is “inadmissible under decisions of the United States Supreme Court construing the 4th Amendment to the United States Constitution.”
 

 Hudson
 
 observed that the exclusionary rule previously applied to knock-and-announce violations “was also a command of the Fourth Amendment,” citing
 
 Wilson v. Arkansas,
 
 514 U.S. 927, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995). Applying Article I, section 12 of the Florida Constitution to the rules of law set forth in
 
 Hudson
 
 and
 
 Wilson,
 
 we have previously concluded that
 
 *39
 
 the exclusionary rule does not apply to a knock-and-announce violation.
 
 State v. Brown,
 
 36 So.3d 770, 775 (Fla. 3d DCA 2010).
 
 [2]
 

 We decline to apply the reasoning in
 
 Cable
 
 to this case.
 
 Cable
 
 relies upon a 1964 Florida Supreme Court case,
 
 Benefield v. State,
 
 160 So.2d 706 (Fla.1964), followed in a 1968 decision of the Second District and a 1973 decision of this Court.
 
 Benefield
 
 involved evidence obtained from a home without a search or arrest warrant.
 
 [3]
 
 The suspected crime in
 
 Benefield
 
 was an attempt to commit grand larceny (by offering to help a bowling alley secure a liquor license for $5000 in small bills). The Supreme Court found that “the officers did not make the slightest effort to comply with [the knock-and-announce arrest statute, section 901.19(1) ].”
 
 Id.
 
 at 708.
 

 In this case, in contrast, the officers duly obtained a search warrant. The information supporting issuance of the warrant included details regarding the sale of large quantities of cocaine from the subject residence. The officers preparing for the search thus assembled a team of 11 S.W.A.T. members and additional narcotics officers. The officers executing the warrant had to confront and overcome a locked wrought-iron gate at the end of a driveway twenty to thirty feet away from another wrought-iron gate in front of the door to the residence. There was also testimony that an officer continuously yelled “search warrant” as the two exteri- or gates were knocked down to gain entry. The notion that the S.W.A.T. team should have knocked on the front door after overcoming the successive wrought-iron gates, waited a few more moments, and then asked permission to enter, seems impractical. Section 933.09 refers to “due notice of the officer’s authority and purpose,” and the record in this case (but not in
 
 Bene-field)
 
 contains evidence of at least some efforts to convey that authority and purpose.
 

 Benefield
 
 has also been overtaken by important developments in federal and Florida constitutional law.
 
 Hudson
 
 and
 
 Wilson
 
 have determined that knock-and-announce requirements and violations have their roots in the Fourth Amendment to the U.S. Constitution. The Florida Constitution has directed that we apply U.S. Supreme Court interpretations to questions of admissibility under the Fourth Amendment, and the Florida Supreme Court has consistently done so.
 
 See State v. Betz,
 
 815 So.2d 627 (Fla.2002);
 
 Bernie v. State,
 
 524 So.2d 988 (Fla.1988). Our Supreme Court also has declined to apply a judge-made exclusionary rule as a remedy for the violation of a statutory search provision when the statute itself “does not expressly provide for exclusion of evidence as a remedy for a violation of the statute.”
 
 Jenkins v. State,
 
 978 So.2d 116, 128 (Fla.2008) (finding the exclusionary rule is not a remedy for violation of a “strip search” statute, section 901.211, Florida Statutes (2002)).
 

 
 *40
 
 Recognizing, however, that the Florida Supreme Court has
 
 Cable
 
 before it and ripe for decision, we respectfully certify conflict with
 
 Cable v. State,
 
 18 So.3d 37 (Fla. 2d DCA),
 
 review granted,
 
 22 So.3d 539 (Fla.2009).
 

 Reversed and remanded with directions to vacate the suppression order and to enter an order denying the motion.
 

 [1]
 

 . The search in Hudson also was conducted pursuant to a duly-issued warrant. The Supreme Court concluded that the common law knock-and-announce violation in that case was, without more, insufficient to support the "massive remedy of suppressing evidence of guilt.” 547 U.S. at 599, 126 S.Ct. 2159.
 

 [2]
 

 . This decision was unavailable to the trial court in the case at hand, however, as the suppression order below was entered March 22, 2010, and our decision in
 
 Brown
 
 was issued May 12, 2010. In addition, the entry in
 
 Brown
 
 was a warrantless "hot pursuit” arrest implicating a similar but separate knock-and-announce provision, section 901.19(1), Florida Statutes (2007).
 

 [3]
 

 . The distinction between knock-and-announce violations where no warrant has been obtained and those where a warrant has been obtained is important. In the latter case, as here, the "detached scrutiny of a neutral magistrate” has authorized the entry.
 
 State v. Campbell,
 
 948 So.2d 725, 726 (Fla.2007) (concurring opinion of Justice Pariente, quoting
 
 United States v. Leon,
 
 468 U.S. 897, 913— 14, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)).