SCHWARTZ, Senior Judge.
Soto’s conviction and sentence for trafficking in heroin are reversed because the trial court did not but should have granted his motion to suppress the contraband found in his home after the police entered without complying with the “knock-and-announce” statute, section 901.19(1), Florida Statutes (2005). It is admitted that, although the police announced their presence at the door, there was fatally no evidence that they announced their purpose, which was to execute an arrest warrant, as the statute requires. § 901.19(1) (If a peace officer fails to gain admittance after she or he has announced her or his authority and purpose in order to make an arrest ..., the officer may use all necessary and reasonable force to enter any building or property where the person to be arrested is or is reasonably believed to be.”); see Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958). The State attempts to invoke the so-called “useless gesture” doctrine,[1] arguing that because the defendant and his girlfriend were asleep at the time of the entry and did not respond to repeated shouts of “police, police!”, the non-announcement of their purpose could have made no difference. See State v. Brown, 36 So.3d 770, 773-74 (Fla. 3d DCA 2010). For good or ill, however, the Florida law is that this doctrine applies only when the police knew *297 of the uselessness of the announcement of authority prior to breaking in. See Cable v. State, 18 So.3d 37 (Fla. 2d DCA 2009), approved State v. Cable, 51 So.3d 434 (Fla.2010); Kistner v. State, 379 So.2d 128 (Fla. 1st DCA 1979). Compare Ealey v. State, 714 So.2d 1162, 1163 (Fla. 1st DCA 1998) (holding that “because the officers ... did not have a reasonable belief that the residence was unoccupied,” knocking and announcing would not have been a futile gesture) with Van Allen v. State, 454 So.2d 49, 51 (Fla. 4th DCA 1984) (finding “no violation of the knock and announce rule occurs where law enforcement officers, reasonably believing premises to be unoccupied, ... intrude upon premises without announcing their authority and purpose.”). Contra Walker v. State, 895 So.2d 366 (Ala.Crim.App.2004). In this case, it is undisputed that the police became aware of the occupants’ unconsciousness only after the unlawful entry.
Reversed and remanded with directions to discharge the defendant.

. The trial court based its decision on the application of the "officer peril” exception. See Jones v. State, 440 So.2d 570, 573 (Fla.1983); State v. Pruitt, 967 So.2d 1021 (Fla. 2d DCA 2007); Williams v. State, 403 So.2d 430 (Fla. 3d DCA 1981). On appeal the State has wisely abandoned this ground and raises "useless gesture" as a tipsy coachman reason for affirmance. See Miller, 357 U.S. at 301, 78 S.Ct. 1190; Ealey, 714 So.2d at 1162; Van Allen, 454 So.2d at 49; Urquhart v. State, 211 So.2d 79 (Fla. 2d DCA 1968).