Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-10-00260-CR

Leon **BREWER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CR-7532
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  January 5, 2011

AFFIRMED

After a bench trial, Leon Brewer was convicted of unlawful possession of a firearm by a felon. On appeal, Brewer contends: (1) he did not waive his right to a jury trial; (2) the trial court erred in denying his motion to suppress because the police violated the knock-and-announce rule; and (3) the evidence is legally and factually insufficient to support his conviction. We affirm the trial court's judgment.

## WAIVER OF JURY

In his first point of error, Brewer contends the trial court committed structural error in proceeding to conduct a trial without a jury because he did not waive his right to a jury.

Article 1.13(a) of the Texas Code of Criminal Procedure provides, in relevant part, that the defendant "shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State." TEX. CODE CRIM. PROC. ANN. art. 1.13(a) (West 2005). Although article 1.13 requires a written waiver of a right to a jury, neither the federal nor the state constitution requires a written waiver. *Johnson v. State*, 72 S.W.3d 346, 348 (Tex. Crim. App. 2002). The trial court's failure to obtain a written waiver constitutes statutory error, but such error is harmless if the record shows the defendant understood his right to trial by jury before his bench trial began. *Id*. at 348-49.

In this case, the judgment recites that Brewer "waived the right of trial by jury." The recitation in the judgment is binding absent direct proof of its falsity. *Id*. at 349. In order to waive a jury trial, Brewer must have known about his right to a jury trial and intentionally relinquished or abandoned the right. *Id*.

Before trial commenced in the underlying cause, defense counsel informed the trial court that Brewer was asking that he be removed as counsel and that new counsel be appointed. The record showed that two other attorneys had been appointed to represent Brewer prior to the most recent appointment, and the trial court had also previously held a hearing in accordance with *Faretta v. California*,[1] when Brewer asserted the right to represent himself. During the course of discussing Brewer's request to have defense counsel removed, Brewer commented:

---

[1] 422 U.S. 806 (1975).

When I spoke with Mr. Bill Reece, he was speaking about that. I was going to be — whether I wanted to go to a jury trial or a bench trial. I didn't know the difference of which trial to go to or what would be in my best favor. So I thought it would be better to go on a bench trial.

The court later clarified Brewer's contentions in the following exchange:

THE COURT: Okay. And do I understand correctly, is one of your contentions that you don't understand a bench trial versus a jury trial? You want a jury trial now or is your contention that you don't feel as though you're prepared to proceed on this particular case?

THE DEFENDANT: My number one contention is I don't feel that I am ready to proceed on this particular case.

Brewer explained that he had another charge pending and believed he needed additional time to prepare for the possession of a firearm charge. After the trial court explained the reasons no continuance would be granted, the trial court asked Brewer if there was anything else he would like on the record. Brewer responded, "No, ma'am."

From this exchange between Brewer and the trial court, Brewer clearly had knowledge of his right to a jury trial, and he expressly stated that he chose a bench trial. Furthermore, Brewer's response to the trial court's inquiry indicates his concern was not with his waiver of a jury trial but with the need for a continuance. Accordingly, the record does not contain any evidence that the trial court's recitation regarding Brewer's waiver was incorrect.

Brewer relies on a written waiver form contained in the clerk's record dated February 2, 2010. The form was signed by defense counsel, the prosecutor, and the trial court; however, the signature line for Brewer contains the notation that Brewer "refused to sign." The trial in the underlying cause, however, commenced on February 1, 2010, and both sides rested at the end of the proceedings on February 1, 2010. The only proceedings held on February 2, 2010, were the closing arguments and the trial court's pronouncement of the verdict. Therefore, Brewer's refusal to sign the written waiver is more akin to a reassertion of his right to a jury trial than to

the absence of a waiver. *See Hobbs v.* State, 298 S.W.3d 193, 197-199 (Tex. Crim. App. 2009) (discussing the law applicable to the withdrawal of a jury waiver). Because Brewer does not contend in his brief that the trial court abused its discretion in not allowing him to withdraw his jury waiver, we do not further consider whether the trial court erred in failing to allow such a withdrawal when Brewer refused to sign the waiver form. Brewer's first point of error is overruled.

## MOTION TO SUPPRESS

In his second point of error, Brewer contends the trial court erred in denying his motion to suppress because the police did not knock and announce their presence and the weapon seized by the police was not mentioned in the search warrant. The State responds that the knock-and-announce rule was not violated or, alternatively, a violation of the knock-and-announce rule did not require the evidence to be suppressed.

A trial court's ruling on a motion to suppress evidence is reviewed on appeal under an abuse of discretion standard. *State v. Callaghan*, 222 S.W.3d 610, 612 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd); *Martinez v. State*, 220 S.W.3d 183, 185 (Tex. App.—Austin 2007, no pet.). The trial court's ruling will not be reversed unless it falls outside the bounds of reasonable disagreement. *Martinez*, 220 S.W.3d at 185. The trial court's ruling will be upheld if it is correct under any theory of the law applicable to the case, even if the wrong reason was given for the ruling. *Id.*

For purposes of this opinion, we will assume that the officers violated the knock-and-announce rule when they executed the search warrant. In *Hudson v. Michigan*, 547 U.S. 586, 588 (2006), the United States Supreme Court addressed the issue of whether a violation of the knock-and-announce rule requires the suppression of all evidence found in a search authorized

by a warrant. In holding that the exclusionary rule was not an appropriate remedy, the Court noted, "Whether that preliminary misstep had occurred *or not*, the police would have executed the warrant they had obtained, and would have discovered the gun and drugs inside the house." *Id*. at 592. The Court reasoned that exclusion of evidence obtained by a warrantless search vindicates a citizen's entitlement to shield their persons, houses, papers, and effects; however, "[t]he interests protected by the knock-and-announce requirement are quite different - and do not include the shielding of potential evidence from the government's eyes." *Id*. at 593.

Brewer contends that the holding in *Hudson* extends only to the specific evidence described in the warrant. Since the weapon Brewer sought to have suppressed was not specifically listed in the search warrant, Brewer asserts *Hudson* is inapplicable, and the exclusionary rule still applies. Brewer's contention ignores, however, that "[a] police officer who is lawfully on private premises pursuant to a warrant … may also seize anything he discovers in plain view on those premises if it is 'immediately apparent' to him … that it constitutes contraband." *State v. Dobbs*, No. PD-0873-09, 2010 WL 4103013, at *2 (Tex. Crim. App. Oct. 20, 2010). While still lawfully on the premises, the officers in the instant case determined that Brewer was a felon, making it a criminal offense for him to possess a weapon and thereby making the weapon contraband. *See id.,* at *4. Because an officer may seize evidence in plain view during the execution of a search warrant, we disagree that the holding in *Hudson* extends only to the specific evidence described in the warrant and not to evidence in plain view. As the Texas Court of Criminal Appeals has interpreted the decision in *Hudson*, a violation of the knock-and-announce rule preceding an otherwise lawful search of a defendant's home pursuant to a search warrant does not require "exclusion of evidence that was found during

the search." *State v. Powell*, 306 S.W.2d 761, 769 (Tex. Crim. App. 2010). Accordingly, Brewer's second point of error is overruled.

### SUFFICIENCY OF THE EVIDENCE

In his third point of error Brewer contends that the evidence is legally insufficient to support a finding that he was in possession of the weapon. In determining the legal sufficiency of the evidence, we review all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). As a reviewing court, we "defer to the [fact finder's] credibility and weight determinations because the [fact finder] is the **sole** judge of the witnesses' credibility and the weight to be given their testimony." *Brooks v. State*, No. PD-0210-09, 2010 WL 3894613, at *5 (Tex. Crim. App. Oct. 6, 2010). Although Brewer also asserts a factual sufficiency challenge in his fourth point of error, the Texas Court of Criminal Appeals recently held, "the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks*, 2010 WL 3894613, at *1.

To establish unlawful possession of a firearm by a felon, the State must show that the accused was previously convicted of a felony offense and possessed a firearm after the conviction and before the fifth anniversary of his release from confinement or from community supervision, parole, or mandatory supervision, whichever date is later. *Williams v. State*, 313 S.W.3d 393, 397 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd); TEX. PENAL CODE ANN. § 46.04(a)(1) (West Supp. 2010). In this case, Brewer does not challenge his status as a felon but

only the sufficiency of the evidence to support that he was in possession of the weapon in question.

Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control. *Williams*, 313 S.W.3d at 397; TEX. PENAL CODE ANN. § 6.01(b) (West 2003). If the firearm is not found on the defendant or is not in his exclusive possession, the evidence must link him to the firearm. *Williams*, 313 S.W.3d at 397. The evidence must establish that the defendant's connection with the firearm was more than fortuitous. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *Williams*, 313 S.W.3d at 397. In determining whether sufficient affirmative links exist, we examine factors such as: (1) whether the firearm was in plain view; (2) whether appellant owned the residence where the firearm was found; (3), whether he was in close proximity to the firearm and had ready access to it or whether it was found on him; (4) whether he attempted to flee; (5) whether his conduct indicated a consciousness of guilt; (6) whether he had a special connection to the firearm; (7) whether the firearm was found in an enclosed space; and (8) whether he made incriminating statements. *Smith v. State*, 176 S.W.3d 907, 916 (Tex. App.—Dallas 2006, pet. ref'd). It is not the number of links that is dispositive, but rather the logical force of all of the evidence, direct or circumstantial. *Evans*, 202 S.W.3d at 162; *Williams*, 313 S.W.3d at 398.

The evidence presented in this case established that the weapon in question, a shotgun, was found protruding from under the bed in which Brewer was sleeping. A photograph showing the exact location of the shotgun was introduced into evidence. Brewer was the only occupant of the room and was the primary resident of the home. A sign was posted on the door of the bedroom that stated, "If you are not Fred[,] Steph[,] or Star stay out of this room." Brewer's

nickname was Star or Star Heem. The sign was consistent with information from an informant that Brewer did not let certain people proceed beyond the front room of the house. Bail bond paperwork with Brewer's name dated approximately one week before the execution of the search warrant was discovered on a chair in the room. A gang poster was found in the closet of the room with a picture of a person's head with the word "O.G. Heem" written underneath, which testimony revealed was a reference to "Original Gangster Heem." As previously noted, one of Brewer's nicknames was Star Heem.

Having reviewed the record, we hold the evidence is sufficient to support the finding that Brewer was in possession of the shotgun. Accordingly, Brewer's third point of error is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH