WOLF, J.
Appellant challenges his judgment and sentence following a jury trial where he was found guilty of five counts of possession of child pornography. He alleges the trial court erred in denying his motion to suppress the illicit photographs because of the police’s failure to comply with section 933.09, Florida Statutes (2011), the knock- and-announce statute. We disagree and affirm. However, we remand for corrections to appellant’s judgment and sentence and criminal punishment code sentencing scoresheet.

General Law

Before an officer may enter a home with reasonable and necessary force in order to execute a search warrant, the officer must knock, announce his presence, and announce his purpose. See § 933.09, Fla. Stat.; see also Soto v. State, 75 So.3d 296, 296-97 (Fla. 3d DCA 2010).

Facts

Here, officers executed a search pursuant to an unchallenged warrant and, as a result, found five pornographic photographs of a minor on appellant’s laptop. Appellant challenged the validity of the search’s execution, claiming that the officers had failed to properly knock and announce pursuant to section 933.09.
Appellant, who was asleep until officers entered his home, testified during the hearing on the motion to suppress that he, as a light sleeper, would have woken had the officers properly knocked and announced their presence and purpose. He also testified that his dog, a German Shepherd, would have barked had the officers properly complied with the knock-and-announce statute.
An officer who had participated in the search warrant’s execution testified that although she could not remember this specific search, it is the routine of those in the Quincy Police Department to knock and announce their presence prior to entering a home.
The trial court determined that appellant had the burden of proving a violation of the knock-and-announce statute, but he failed to meet that burden with his speculative testimony that although he was asleep, he would have woken had officers knocked.

Burden of Proof

The issue of which party shoulders the burden of proving a violation of the knock-and-announce statute has not yet been explicitly addressed in Florida. We determine that the burden initially falls on the defendant to prove a prima facie case of officer noncompliance with the knock- and-announce requirements. After the defendant makes that prima facie case, the burden then shifts to the State to prove compliance.
Our holding is consistent with the majority of state courts which have considered this issue, including courts in Virgi *1050 nia, Alaska, and Texas. See Martinez v. State, 220 S.W.3d 183, 186 (Tex.Ct.App.2007), State v. Johnson, 716 P.2d 1006, 1008 (Alaska Ct.App.1986); Com. v. Byars, 19 Va. Cir. 54 (Va.Cir.Ct.1989).
The Virginia and Alaska courts both explicitly relied on the Sixth Circuit’s decision in United States v. Murrie, 534 F.2d 695 (6th Cir.1976), to determine that the defendant must prove a prima facie case of noncompliance:
In Murrie, the federal court of appeals held that the defendant has the burden of establishing a prima facie case that the knock and announce rules were not complied with, at which point the burden of proof shifts to the government to persuade the trial court that there was compliance....
Johnson, 716 P.2d at 1009.
A majority of federal courts likewise have determined that the burden of proving a prima facie case of noncompliance falls to the defendant challenging the knock and announce. See U.S. v. Hromada, 49 F.3d 685, 689 (11th Cir.1995); U.S. v. Kane, 637 F.2d 974, 979 (3d Cir.1981); U.S. v. Gardner, 553 F.2d 946, 949 (5th Cir.1977). We believe that this well-reasoned approach strikes an appropriate balance between the presumptive reasonableness of searches conducted pursuant to a warrant and the protections afforded by the knock-and-announce statute. We, therefore, agree with those state and federal courts which have already considered this issue and determine that the initial burden of proving a prima facie ease of noncompliance falls to the defendant. It is only then that the State must present evidence of compliance with the statute or demonstrate circumstances that excuse noncompliance.[1]

The Current Case

In the current case, we find that appellant failed to meet the burden of proving a prima facie case of officer noncompliance with the knock-and-announce statute. We find the analogous case United States v. Mueller, 902 F.2d 336, 344 (5th Cir.1990), to be well-reasoned and dispositive.
There, Mueller claimed in an affidavit that officers must have failed to comply with the knock-and-announce statute because he “ ‘was in a bedroom and was asleep when the officers came into the house. I did not hear them announce their presence before entering and I believe I would have had they done so.’ ” Id.
The Fifth Circuit found that Mueller’s affidavit was too speculative to meet his burden of proving a prima facie case of noncompliance, as Mueller was not awake and therefore could not testify as to whether the officers knocked or not.
Similarly, here, we find that any testimony of appellant, who was asleep when the police would have knocked and announced, was speculative. His testimony that his dog would have barked upon hearing a knock at the door was likewise speculative, as appellant was not awake to determine whether the dog barked or not. Therefore, we hold that appellant failed to meet the burden of proving a prima facie case of officer noncompliance with the knock-and-announce statute. As such, the ruling of the trial court is affirmed.

Errors in Judgment and Sentence and Criminal Punishment Code Scoresheet

We also find that the record indicates three errors in appellant’s judgment and *1051 sentence and criminal punishment code scoresheet, which we remand for the trial court to correct.
First, the trial court imposed two costs without appropriately citing the statutory authority for the costs in the order: a $20 “Teen Court” fee and a $20.50 “Pub. Rec. Mod.” fee. See Kirby v. State, 695 So.2d 889, 890 (Fla. 2d DCA 1997) (citing Smith v. State, 686 So.2d 8 (Fla. 2d DCA 1996)). We strike both costs and remand; on remand, the trial court may re-impose those costs in the appropriate amounts if it provides statutory authority for their assessment. See Vick v. State, 37 So.3d 951, 952 (Fla. 2d DCA 2010).
Next, the trial court imposed a $65 cost pursuant to section 939.185, Florida Statutes, but failed to cite the applicable ordinance. Pursuant to Swift v. State, 53 So.3d 394, 395 (Fla. 2d DCA 2011) (citing Ayoub v. State, 901 So.2d 311, 315 (Fla. 2d DCA 2005)), we affirm the cost but remand for the trial court to cite the appropriate ordinance.
Finally, we note that appellant’s criminal punishment code scoresheet contains a scrivener’s error in that it notes that appellant was sentenced pursuant to a plea. We remand so that the trial court may correct this error to properly indicate that appellant was found guilty by jury verdict. See Drayton v. State, 89 So.3d 287 (Fla. 1st DCA 2012).
As such, we AFFIRM the judgment but REMAND for minor corrections in the judgment and sentence and criminal punishment code scoresheet.
BILBREY, J., and HULSLANDER, VICTOR L., Associate Judge, concur.

. Appellant claims our decision conflicts with the Third District case of Soto v. State, 75 So.3d 296 (Fla. 3d DCA 2010). Soto only dealt with the failure of the State to prove the circumstances justifying noncompliance. It did, not deal with the issue present in this case: whether there was compliance with the statute. Thus, there is no conflict.