# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D15-5881
_____

JASON WILSON WALL,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Taylor County.
Gregory S. Parker, Judge.

January 8, 2019

LONG, JR., ROBERT E., Associate Judge.

Jason Wilson Wall appeals his judgment of conviction for DUI manslaughter, DUI causing serious bodily injury, and two counts of driving with a suspended and revoked license. These convictions followed a single car crash which left one occupant of the vehicle dead.

Wall raises two issues on appeal. First, he argues the trial court erred in admitting a statement by one of the four occupants of the vehicle involved in the crash. At the time of the crash one of the occupants was Wall's girlfriend, Christine Arnold. Immediately following the crash, Arnold told a law enforcement officer who responded to the crash scene that Wall was the driver of the vehicle. The statement was admitted at trial by way of

testimony from the law enforcement officer recounting Arnold's statement. Arnold testified at trial that she had no memory of who was driving the car at the time of the crash.

Wall argues the admission of Arnold's statement through the law enforcement officer qualified neither as a statement of identification nor as an excited utterance, the two theories proffered by the State below. We need not reach either issue. Not only were the arguments raised on appeal not made below, trial defense counsel conceded the statement met the evidentiary criteria for admission as an excited utterance. Therefore, the questions were not preserved for appellate review and will not be addressed further. *See Tillman v. State*, 471 So. 2d 32 (Fla. 1985) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.").

Second, Wall argues the judgment of conviction erroneously indicates he went to trial on four counts when in fact he pled no contest to the two charges of driving with a suspended or revoked license. A remand for entry of a corrected judgment is therefore required.

Remand is also required for the trial court to cite the applicable county ordinance for a $65 fine imposed pursuant to section 939.185, Florida Statutes. *See Carter v. State*, 173 So. 3d 1048, 1051 (Fla. 1st DCA 2015).

Therefore, Wall's convictions are AFFIRMED, but the cause is REMANDED for correction of the judgment and sentence. Wall does not need to be present for the ministerial task of correcting the judgment and sentence.

B.L. THOMAS, C.J., and JAY, J., concur.

2

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Michael Ufferman, Tallahassee, for Appellant.

Ashley Brooke Moody, Attorney General, and Sharon S. Traxler, Assistant Attorney General, Tallahassee, for Appellee.