FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D17-1529
_____

PAUL BYRD,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____

On appeal from the Circuit Court for Franklin County.
Terry P. Lewis, Judge.

June 7, 2019

PER CURIAM.

   We affirm the judgment and sentence and write to address (a) Appellant's claim that his motion for transfer to a pre-trial treatment-based program should have been granted, and (b) errors on the judgment and in the sentencing scoresheet.

   Appellant, who was diagnosed with a substance abuse problem and had no prior criminal convictions, was charged with three counts: trafficking in a controlled substance; possession of a controlled substance; and possession of paraphernalia. He moved to transfer his case to a pre-trial treatment-based program, but the trial judge denied relief. A trial court's decision to grant entry into a pretrial treatment-based program is discretionary. *See* § 397.334(2), Fla. Stat. (2019) (A "court *may* order an individual to

enter into a pretrial treatment-based drug court program . . . .") (emphasis added).

Appellant makes two arguments, first that he was eligible for the pre-trial treatment-based program notwithstanding a local administrative order to the contrary, and second that the trial judge erred in denying his motion.

As to the former, Appellant correctly points out that he is eligible under the applicable statute, which states that "a person who is charged with a *nonviolent felony* and is identified as having a substance abuse problem" is "eligible for voluntary admission into a pretrial substance abuse education and treatment intervention program" upon motion of a party or the court. § 948.08(6)(a), Fla. Stat. (2019) (specifying two exceptions not applicable here). For purposes of subsection (6)(a), the "*term 'nonviolent felony' means* a third degree felony violation of chapter 810 *or any other felony offense that is not a forcible felony as defined in s. 776.08." Id.* (emphasis added). Because the felony trafficking charge against him is not a "forcible felony as defined in s. 776.08," the charge against him is considered a "nonviolent felony" for purposes of the transfer statute.

Despite his eligibility for a pre-trial treatment-based program, the trial judge expressed hesitation in considering Appellant's request because an administrative order of the Second Judicial Circuit provides that:

> 2. Defendants whose offenses occurred on or after October 1, 1997, *shall be eligible* to participate in such program *if they are charged with a second or third degree drug purchase/possession offense* under Chapter 893 in accordance with the criteria of Section 948.08(6), Florida Statutes. Participants must not have any pending felony cases or be on active Department of Corrections supervision.

Admin. Order No. 1997-12 (Fla. 2d Cir. Ct. Oct. 7, 1997) (emphasis added). Appellant was charged with a first degree felony (the trafficking charge), which disqualified him under the administrative order that allows participation for only those

2

charged with a second or third degree offense. The administrative order, however, conflicts with section 948.08(6)(a), Florida Statutes, which extends eligibility to a "nonviolent felony," whose applicable statutory definition includes the charge against Appellant. For that reason, Appellant is correct that his case was eligible for possible transfer to the pre-trial treatment-based program notwithstanding the administrative order. *Cf. Gincley v. State*, No. 4D18-3067, 2019 WL 1371941 (Fla. 4th DCA Mar. 27, 2019) (quashing a circuit court administrative order that conflicted with section 948.08(6)).

Though Appellant was eligible under section 948.8(6), the trial court's denial of his motion was not an abuse of discretion. Transfers to pre-trial treatment-based programs are discretionary, not mandatory, placing the decision in the hands of trial judges who are in the best position to assess whether defendants are suited for available programs (which do not have unlimited capacity). Here, Appellant did not file his motion seeking transfer until shortly before trial, almost three years after the filing of charges against him. The trial judge expressed that if he had the ability to grant relief, he was disinclined to do so at such a late stage of the case. Though there is no time restriction placed on when a motion seeking transfer may be made, the lateness of Appellant's motion, on the eve of trial, provides a reasonable basis for denying relief upon which the trial judge relied.

Next, the trial court imposed a $65 cost pursuant to section 939.185, Florida Statutes, without including the local ordinance authorizing the cost. Pursuant to *Carter v. State*, 173 So. 3d 1048, 1051 (Fla. 1st DCA 2015), we remand for the court to cite the applicable ordinance. We also remand for the court to correct the criminal punishment scoresheet, which incorrectly indicates that Appellant entered a guilty plea. He was actually found guilty following a jury trial.

We AFFIRM the judgment and sentence but REMAND for the court to make corrections to the judgment and to the sentencing scoresheet.

MAKAR, OSTERHAUS, and BILBREY, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Michael Ufferman, Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Amanda D. Stokes, Assistant Attorney General, Tallahassee, for Appellee.